David Paul REYNOLDS, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–01088–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 9, 1992.

Rehearing Denied Feb. 6, 1992.

Stephen A. Doggett, Richmond, for appellant.

Fred M. Felcman, Richmond, for appellee.

Before PAUL PRESSLER, JUNNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant's motion for rehearing is granted, this court's decision in *Reynolds v. State* (Tex.App.—Houston [14th Dist.] November 7, 1991) is withdrawn and this opinion is substituted therefor. TEX. R.APP.P. 101.

Appellant was charged by information with the misdemeanor offense of driving in a public place while intoxicated, TEX.REV. CIV.STAT.ANN. art. 6701*l*–1. He plead not guilty. The jury found him guilty as charged and assessed punishment at two years' probation and a $200 fine. The judgment of the trial court is affirmed.

In November of 1989, appellant was stopped by a Texas Department of Public Safety officer for driving at a high rate of speed. While questioning him, the officer smelled a strong odor of alcohol on his breath. When appellant failed several field sobriety tests, the officer placed him under arrest and took him to the Fort Bend County jail. Additional sobriety tests and a breath test were administered. The results of these tests were admitted at trial.

■ In his first point of error, appellant contends that the trial court erred in failing to instruct the jury on the legality of the initial stop for the alleged traffic violation. In support of this argument, appellant presumably relies on Article 38.23 of the Texas Code of Criminal Procedure, which states:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on trial of any criminal case. In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979). The only question is whether under the particular facts of this case an issue has been raised by the evidence so as to require a jury instruction on the legality of the stop of appellant. If the evidence fails to raise the issue, appellant has no right to have the jury charged on this matter. *Jordan v. State*, 562 S.W.2d 472 (Tex.Crim. App.1978).

The record reflects that the officer pulled appellant over for speeding after his radar indicated that appellant was driving 68 m.p.h. No evidence was offered contesting the accuracy of the radar gun, nor was evidence presented by appellant as to the speed at which his car was traveling before he was stopped. The only evidence to the contrary was the testimony of appellant's brother, a passenger in the vehicle, who stated that he did not think that appellant had been speeding, and the statements of appellant, according to the arresting officer, that he didn't "realize he was going that fast" and "didn't think he was going that fast." These statements are insufficient to raise a fact issue on the legality of the stop. How fast appellant thought he was driving is irrelevant to the issue of whether the officer had cause to make the stop. The reading on the officer's radar gun gave the officer cause. Thus, the trial court properly refused to submit a jury charge on this issue. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the trial court's instruction on the breath test results was inadequate and misleading because it failed to require that the jury find: 1) that the intoxilizer functioned properly on the day of the test as evidenced by the running of a reference sample through the machine, and 2) the existence of periodic supervision over the machine by one who understands the scientific theory of the machine. In support of this contention, appellant relies on

the decision of the Court of Criminal Appeals in *Harrell v. State,* 725 S.W.2d 208, 209–210 (Tex.Crim.App.1986). Appellant's reliance is misplaced, however, since the court in *Harrell* merely identified the requirements that the State has to satisfy in order to lay a proper predicate for the admissibility of a breath test into evidence. Before the results of a breath test can be admitted into evidence, the State must show: 1) proper use of a reference sample; 2) the existence of periodic supervision over the machine and operation by one who understands the scientific theory of the machine; and 3) proof of the result of the test by a witness or witnesses qualified to translate and interpret such result so as to eliminate hearsay. *Id.* at 209. *Harrell* does not stand for the proposition that these requirements are necessary to be included in a jury charge. Here, the trial court properly admitted into evidence the results of the breath test after finding that each of the *Harrell* requirements had been met. The issue of proper functioning of the intoxilizer and the reliability of the results was properly before the jury in that portion of the charge which read:

> should you not find that the State has proved beyond a reasonable doubt that the intoxilizer 4011ASA was accurate and reliable at the time of the defendant's test, then you may not consider the breath testing analysis for any purpose whatsoever.

Appellant's second point of error is overruled.

■ In his third point of error, appellant alleges that the breath test results were improperly admitted into evidence since the State failed to prove that the surge protector was certified by type or class. The Texas Department of Public Safety (DPS) has promulgated regulations for "Chemical Breath Testing" dealing with the certification and approval of instruments, equipment, operators, techniques, and programs for breath alcohol testing in relation to law enforcement and evidence for use in court. *See* 37 Tex.Ad-min.Code § 19.1–19.6. Among other things, the regulations require certain "allied equipment" to meet any criteria

deemed necessary by the Scientific Director and operate properly and adequately for the function it is designed to perform. *Id.* at § 19.1(c). The issue is whether the surge protector constitutes "allied equipment." Testimony by Ms. Alva Barbosa, technical supervisor with the Texas DPS, established that the surge protector was not part of the intoxilizer instrument, nor was it a certifiable part, and that the Scientific Director makes the determinations as to which items must be certified. Other than making the bald statement in his brief that "allied equipment for the intoxilizer must be certified by type of class," appellant has not shown this court any evidence to contradict the testimony of Ms. Barbosa. Appellant has failed to prove that the surge protector requires specific certification. Even if it does require certification, the error, if any, in admitting the breath test results into evidence without such proof was harmless. Ms. Barbosa testified that if the surge protector were bypassed, two fuses within the intoxilizer instrument itself would act as a backup and a barrier to any increase in voltage, so that any possible failings in the surge protector would not affect the validity of the test results. Appellant's third point of error is overruled.

■ In his fourth point of error, appellant argues that the trial court improperly admitted the results of the breath test into evidence, alleging that his consent to take the test was invalid. He claims that he was confused as to whether he was entitled to consult with an attorney before deciding to take the test and whether being asked to take the test conflicted with his right to remain silent. Citing the Court of Criminal Appeals' decision in *McCambridge v. State,* 712 S.W.2d 499, 506 (Tex.Crim.App.1986), he asserts that this confusion has been recognized as an exception to the law of implied consent. In *McCambridge,* however, the court expressly rejected appellant's argument that the safeguards set out in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) should be extended to apply to when a suspect

claims confusion in a breath test situation. Specifically, the court stated:

> to forbid police from seeking a suspect's breath sample, once the suspect has invoked his right to counsel under *Miranda*, would ... divorce *Miranda* from its "only source of legitimacy." Not only does the breath testing decision not involve custodial interrogation, it also does not involve the privilege against self-incrimination.

*Id.* at 506. The decision to consent or refuse to take a breath test is not covered by the Fifth Amendment. The officer informed appellant that his license would be suspended if he refused to take the test. This is the penalty the Texas Legislature has specifically provided for refusing such a test. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, sec. 2(f) (Vernon Supp.1989). There is a penalty-laden, statutorily-based option for refusing a breath test, but there is no protected constitutional right to do so. Appellant's fourth point of error is overruled.

In his fifth point of error, appellant contends that his motion to quash should have been granted since the information by which he was charged failed to give fair notice of what the State intended to prove. The information supporting appellant's conviction stated merely that on November 19, 1989, appellant did drive and operate a motor vehicle in a public place "while intoxicated." It did not say whether the alleged intoxication "was caused by alcohol, a controlled substance, a drug, or any combination thereof." The charging instrument in a DWI prosecution must be specific as to the type(s) of intoxicant the defendant supposedly used, as well as the definition of "intoxicated" the State will rely on at trial. *See State v. Carter*, 810 S.W.2d 197, 200 (Tex.Crim.App.1991). Clearly the instant indictment falls short of this requirement. It must next be determined, however, whether this particular defect of notice harmed the defendant. Harm would be shown by, whether, in the context of the case, the failure of notice had an impact on the defendant's ability to prepare a defense, and, how great an impact that would be. *Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim.App.1986). The record shows that appellant had more than adequate notice to prepare his defense. In his pre-trial motion entitled "Motion to Suppress and/or in Limine," appellant requested the trial court to exclude any breath test results, any testimony as to the drinking habits of the accused or whether he had ever been drunk before, as well as any testimony on the effects of alcohol on the human body by anyone other than a witness properly qualified as a toxicologist or chemist. At the hearing on his motion, appellant learned from the arresting officer and the technical supervisor of the county's crime lab division of the breath alcohol testing program that the State intended to prove that he committed the offense of DWI by showing that his faculties were impaired by the introduction of alcohol and that his alcohol concentration was significantly in excess of the allowable limit. Appellant also learned the type of equipment used in the breath test as well as the qualifications and experience of each witness. Appellant was not surprised by the testimony and the State's evidence since he never requested a continuance. Accordingly, appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.