**David Paul REYNOLDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 315–92.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 24, 1993.

Stephen A. Doggett, Richmond, for appellant.

Jack R. Stern, Dist. Atty., Fred M. Felcman, Asst. Dist. Atty., Richmond, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge.

Appellant was convicted of driving while intoxicated and sentenced to probation for two years and a fine of $1,500.00. The court probated $1,300.00 of the assessed fine. The Fourteenth Court of Appeals affirmed the conviction. *Reynolds v. State,* 822 S.W.2d 341 (Tex.App.1992). Appellant filed a petition for discretionary review contending that the Court of Appeals erred in upholding the trial court's failure to instruct the jury on the legality of appellant's stop.

Appellant was stopped by a Texas Department of Public Safety officer for speeding. No other reason for the stop was given. The officer testified that appellant told him he did not think he was going "that fast" and he was going to contest the speeding ticket. Appellant's brother, a passenger in the car, testified that he did not think appellant had been speeding and that appellant did not think he had been speeding.

At the conclusion of the trial, appellant requested a charge on "probable cause," because he felt the evidence presented a fact issue as to the legality of the stop. The trial court refused. On appeal, the Court of Appeals implicitly found as a matter of fact that appellant's requested charge was sufficient to inform the trial court that appellant was actually requesting a charge on Tex.Code Crim.Proc.Ann. art. 38.23.[1] 822 S.W.2d at 343; *see Arcila v. State,* 834 S.W.2d 357 (Tex.Crim.App. 1992).

When the Court of Appeals reviewed the record they noted that appellant presented "evidence to the contrary" of the officer's testimony regarding speeding. However, the court found this evidence was insufficient to raise a fact issue on the legality of the stop. "How fast appellant thought he was driving is irrelevant to the issue of whether the officer had cause to make the stop. The reading on the officer's radar gun gave the officer cause." 822 S.W.2d at 343.

While it is true that appellant's own perception of his speed is not dispositive, his perception does fairly raise an issue that he was not speeding in fact. If, in turn, the jurors believed that appellant was not in fact speeding, they would then be forced to conclude that the officer's testimony was either mistaken or incredible. And, although a conclusion that the officer was mistaken would not affect the legitimacy of his stopping appellant, a conclusion that he was lying would. Consequently, appellant's perception of his own speed was relevant, contrary to the opinion of the Court of Appeals, because it did "have a[ ] tendency to make the existence of a[ ] fact that is of consequence to a determination of the action [i.e., whether the officer was telling the truth] more probable ... than it would [have] be[en] without the evidence." Tex.R.Crim.Evid. 401.

The jury was allowed to consider evidence that was obtained as a result of the stop without first determining whether the stop was legitimate. The evidence presented to the jury consisted, in part, of a failed field sobriety test, an incriminating video test, plus an intoxilyzer test. The results of the intoxilyzer test indicated appellant had a 0.20 alcohol concentration, well beyond the 0.10 permitted under the law. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5 § 3(j)(4)(B) (Vernon 1989). If the court had given an instruction under Art. 38.23(a), the jury could have believed appellant and his witness and found that the stop was impermissible because appellant was not speeding. As a result, they would have been instructed to disregard all evidence obtained from the illegal stop, including the field sobriety test, the video sobriety test, and the intoxilyzer test.

This Court has held that when conflicting evidence raises an issue regarding the right to stop a driver, a court is statutorily bound to include a requested charge on this issue. *Stone v. State,* 703 S.W.2d 652, 655 (Tex.Crim.App.1986). Failure to do so when requested can be reversible error. *Ibid.* In the instant case, the record reflects conflicting testimony regarding the circumstances surrounding the stop of appellant's vehicle. The conflicting testimony challenges the credibility of the peace officer. Had the jury believed the "evidence to the contrary" and believed the officer was not credible, the officer would not have been justified in stopping the car. *See Morr v. State,* 631 S.W.2d 517, 518 (Tex.Crim.App.1982) (en banc). Appellant was entitled to the requested instruction. The Court of Appeals erred in upholding the trial court's failure to instruct the jury on the legality of the stop.

As a general rule, this Court will not make findings of harm in cases taken on

---

1. Tex.Code Crim.Proc.Ann. art. 38.23 provides:
   (a) No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on trial of any criminal case.

   In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

discretionary review unless such a finding is necessary to the disposition of questions presented to this Court. Tex. Const. Art. 5 § 6; *See Arcila v. State, supra; Gipson v. State*, 844 S.W.2d 738 (Tex.Crim.App.1992) (Benavides, J., concurring). The determination of harm, if any, should be left for the Court of Appeals. Therefore, the judgment of the Court of Appeals is vacated and the cause remanded to that court for further consideration consistent with this opinion.

McCORMICK, P.J., concurs in the result.