Opinion Issued October 21, 2004








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00274-CV




KEVIN STERLING PARKS, Appellant

V.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee




On Appeal from County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 693,571




MEMORANDUM OPINION

           Kevin Sterling Parks appeals a ninety-day driver’s license administrative
suspension arising from his refusal to submit to an alcohol concentration test. We
conclude that: (1) the administrative law judge (“ALJ”) had jurisdiction to hear the
request for an administrative suspension; (2) substantial evidence supports the ALJ’s
finding that probable cause existed to arrest Parks for driving while intoxicated
(“DWI”); and (3) the ALJ’s evidentiary rulings did not violate Parks’s due process
rights. We therefore affirm the trial court’s order affirming the ALJ’s decision
suspending Parks’s driver’s license. 
The Facts
          In October 1997, at a very early hour, Deputy Williard Cox stopped Kevin
Parks for driving seventy-one miles per hour in a posted thirty-five mile-per-hour
zone. After observing a strong odor of an alcoholic beverage on Park’s breath,
slurred speech, and red, watery eyes, Deputy Cox asked Parks to perform field
sobriety tests. Parks failed to recite the alphabet correctly, and the horizontal gaze
nystagmus test Deputy Cox administered indicated intoxication. Parks then refused
four additional field sobriety tests and asked to speak with his father, an attorney. 
Deputy Cox arrested Parks for suspicion of DWI. At the police station, Parks refused
to provide a breath specimen. Deputy Cox gave Parks a copy of the appropriate
statutory warnings, also known as DIC-24, and a notice of suspension, or a DIC-25. 
These forms reflect Parks’s refusal to submit a breath specimen, and notified Parks
that his driver’s license would be suspended due to his refusal.           Procedural History
          The Department of Public Safety (“the DPS”), appellee, suspended Parks’s 
driver’s license for his refusal to give a breath specimen. See Tex. Transp. Code
Ann. § 724.035(a)(1) (Vernon Supp. 2004).


 Parks requested an administrative
hearing to contest the automatic suspension of his driver’s license pursuant to the
Texas Transportation Code. See Tex. Transp. Code Ann. § 724.041 (Vernon 1999).
At the hearing, Deputy Cox testified as to the events leading up to Parks’s arrest. The
DPS also introduced Deputy Cox’s refusal report and the notice of suspension form. 
After the administrative hearing, the ALJ overruled Parks’s contest, and authorized
the suspension. Parks appealed the ALJ’s decision to a Harris county court at law. 
The county court at law dismissed Parks’s appeal without indicating a reason for the
dismissal. Parks further appealed. The Fourteenth Court of Appeals determined that
it lacked subject matter jurisdiction to entertain appeals in license suspension cases,
and dismissed the appeal for want of jurisdiction. See Parks v. Tex. Dep’t of Pub.
Safety, 62 S.W.3d 202 (Tex. App.—Houston [14th Dist.] 2000), pet. granted, judgm’t
vacated w.r.m. 51 S.W.3d 295 (Tex. 2001). Parks petitioned for review. The Texas
Supreme Court vacated the judgment of the court of appeals and remanded the case
for a determination on the merits. 51 S.W.3d 295 (Tex. 2001). 
          On remand, the Fourteenth Court of Appeals reversed the judgment of the
county court and further remanded it, instructing the county court to state the grounds
relied upon for its dismissal, or to address the case on the merits. 2002 WL 1041219
(Tex. App.—Houston [14th Dist.] May 23, 2002) (No. 14-99-00582-CV). The
county court, in turn ruled that substantial evidence existed to affirm the
administrative decision suspending Parks’s driver’s license, and that Parks had failed
to prove that the administrative decision prejudiced his substantial rights. Parks now
appeals the county court’s order affirming the administrative decision to this court. 
Discussion
        We review an administrative license suspension decision under a substantial
evidence standard. Mireles v. Tex. Dep’t of Pub. Safety, 9 S.W.3d 128, 131 (Tex.
1999). The Texas Government Code defines such a review as follows:[A] court may not substitute its judgment for that of the state agency on
the weight of the evidence on questions committed to agency discretion,
but: 
(1) may affirm the agency decision in whole or in part; and 
(2) shall reverse or remand the case for further proceedings if substantial
rights of the appellant have been prejudiced because the administrative
findings, inferences, conclusions, or decisions are: 
(A) in violation of a constitutional or statutory provision; 
(B) in excess of the agency’s statutory authority; 
(C) made through unlawful procedure; 
(D) affected by other error of law; 
(E) not reasonably supported by substantial evidence considering the
reliable and probative evidence in the record as a whole; or 
(F) arbitrary or capricious or characterized by abuse of discretion or
clearly unwarranted exercise of discretion. 
 
Tex. Gov’t Code Ann. § 2001.174 (Vernon 2000). In this appeal, Parks contends
that: (1) the administrative findings are in “violation of constitutional or statutory
provision”; and (2) the decision is “not reasonably supported by substantial
evidence.”


Jurisdiction
Improperly verified DIC-23
          Initially, Parks claims that the ALJ lacked jurisdiction to hear the contest,
because the arresting officer failed to properly notarize the DIC-23, and failed to
timely forward it to the DPS director. Though Parks requested the administrative
hearing, he nonetheless contends that the deputy’s actions result in an absence of
statutory authority to initiate an administrative hearing. Parks further claims that we
must vacate the administrative decision because the DPS did not provide a “sworn”
peace officer’s report, as Deputy Cox did not properly notarize the DIC-23, and it is
not properly dated. 
          Deputy Cox signed the DIC-23, it is notarized, and it contains the month and
year of Parks’s arrest. He admitted at the administrative hearing, however, that the
notary did not witness his signature on the report. Instead, he filled out and signed
his report, and brought it to a notary’s office for verification. The notary then
notarized the reports and forwarded them to the DPS director. 
          Parks relies on the Texas Administrative Code to contend that the ALJ lacked
jurisdiction. See 37 Tex. Admin. Code § 17.4(1) (2004). Section 17.4(1) provides
that an arresting officer must submit an “ALR report” if a DWI suspect refuses to
submit a breath specimen. See id. The report must contain “the probable cause
affidavit (Form DIC-23), and a copy of the statutory warning delivered to the driver
prior to requesting a specimen of breath or blood (Form DIC-24).” 37 Tex. Admin.
Code § 17.4(1)(B)-(C). Section 17.4(2), however, requires an officer to swear to his
report only if a driver fails an alcohol concentration test. 37 Tex. Admin. Code §
17.4(2) (2004) (emphasis added). Relying on the term “probable cause affidavit” in
17.4(1), Parks nevertheless asserts that an improperly notarized DIC-23 fails to meet
the Administrative Code’s requirements, because Section 17.4(1) requires an
“affidavit,” and an affidavit is a verified statement.
          In the case of a suspect’s refusal to submit to a breath test, however, the Texas
Transportation Code plainly does not require a sworn affidavit to suspend a driver’s
license. The statute merely requires that the DIC-23 contain “a statement signed by
the officer that the person refused to submit a breath specimen . . . .” Tex. Transp.
Code Ann. § 724.032(b)(2)(B)(i–ii) (Vernon 1999) (emphasis added). The DPS thus
responds that the Transportation Code controls the requirements for suspension of a
driver’s license, and does not require that the officer verify the statement. It further
contends that Section 17.4(1) is not jurisdictional, but merely provides a mechanism
for submitting the refusal paperwork to the appropriate tribunal.
          We agree with the DPS. In this instance, the requirements of the Texas
Administrative Code are ministerial, and do not deprive the ALJ of jurisdiction. The
Texas Administrative Code sets forth a group of documents that must be sent to the
DPS director when a person arrested for driving while intoxicated refuses to submit
to breath analysis. 37 Tex. Admin. Code § 17.4(1). Although the code refers to a
DIC-23 as a “probable cause affidavit,” the term is used in this context as a
descriptive title for the document. The Administrative Code does not require that the
DIC-23 be notarized in instances of a refusal. See Tex. Dep’t of Pub. Safety v. Pruitt,
75 S.W.3d 638-39 (Tex. App.—San Antonio 2002, no pet.). The ALJ therefore
properly exercised jurisdiction over Parks’s case. 
Failure to Forward Documents to the DPS Director within Five Days
          Parks also contends the ALJ lacked jurisdiction because the DPS did not
comply with Transportation Code section 724.032(c). Section 724.032(c) provides
that, “[t]he officer shall forward to the department a copy of the notice of suspension
or denial and the refusal report not later than the fifth business day after the date of
the arrest.” Tex. Transp. Code Ann. § 724.032(c) (Vernon 1999). Parks maintains
that the use of the word “shall” makes compliance with this section mandatory. He
cites Balios v. Tex. Dep’t of Pub. Safety, 733, S.W.2d 308 (Tex. App.—Amarillo,
1987, writ ref’d n.r.e.) for the proposition that “statutory words such as ‘must’ and
‘shall’ are words indicating mandatory compliance and strict performance, and the
Legislature intended certain actions to be mandatory.” 
          Pursuant to the Code Construction Act, “shall” imposes a duty. Tex. Gov’t
Code Ann. § 311.016(2) (Vernon 1999). We agree that Deputy Cox had a duty to
forward to the department a copy of the refusal report and the notice of suspension
not later than the fifth business day after the date of Parks’s arrest. We disagree,
however, that this provision is mandatory in the sense that the officer’s failure to
comply deprived the ALJ of jurisdiction. See also Tex. Dep’t of Pub. Safety v.
Gratzer, 982 S.W.2d 88, 90-91 (Tex. App.—Houston [1st Dist.] 1998, no pet.)
(holding that statute directing officer to forward copy of notice to DPS within five
days was directory rather than mandatory). The Texas Supreme Court addressed the
interpretation of “shall” in Chisholm v. Bewley Mills: 
There is no absolute test by which it may be determined whether a
statutory provision is mandatory or directory. The fundamental rule is
to ascertain and give effect to the legislative intent. Although the word
“shall” is generally construed to be mandatory, it may be and frequently
is held to be merely directory. In determining whether the Legislature
intended the particular provision to be mandatory or merely directory,
consideration should be given to the entire act, its nature and object, and
the consequences that would follow from each construction. Provisions
which are not of the essence of the thing to be done, but which are
included for the purpose of promoting the proper, orderly and prompt
conduct of business, are not generally regarded as mandatory. 
 
Chisholm, 287 S.W.2d 943, 945 (1956). Here, the requirement that a deputy forward
the report is for the purpose of “promoting the proper, orderly and prompt conduct of
business,” and the statute expresses no consequences for the failure to do so. See id;
Tex. Transp. Code Ann § 724.032(c); see also Gratzer, 982 S.W.2d at 90–91. We
therefore hold that the failure to timely forward the documents to the DPS did not
thwart the jurisdiction of the ALJ uphold a suspension of Parks’s driver’s license. 
See Gratzer, 982 S.W.2d at 90-91; Tex. Dep’t of Pub. Safety v. Mendoza, 956 S.W.2d
808, 811-12 (Tex.App.—Houston [14th Dist.] 1997, no pet.); Tex. Dep’t of Pub.
Safety v. Pruitt, 75 S.W.3d 634, 638 (Tex. App.—San Antonio 2002, no pet.); Tex.
Dep’t of Pub. Safety v. Repschleger, 951 S.W.2d 932, 934 (Tex. App.—Houston
[14th Dist.] 1997, no pet.); cf. Tex. Dep’t of Pub. Safety v. Kimbrough, 106 S.W.3d
747 (Tex. App.—Fort Worth, 2003, no pet.) (holding that the word “shall” as used
in section 724.032(c)(4) of the Texas Transportation Code is mandatory, but the
DPS’s failure to comply with this deadline did not render the report inadmissible at
an administrative hearing). 
 
Substantial Evidence of Probable Cause
          The county court concluded that substantial evidence supports the ALJ’s
upholding of Parks’s license suspension. See Tex. Gov’t Code Ann. § 2001.174
(Vernon 2000); Tex. Dep’t of Pub. Safety v. Watson, 945 S.W.2d 262, 267 (Tex.
App.—Houston [1st Dist.] 1997, no writ). Judicial review of an ALJ’s decision is on
the record from the administrative hearing alone, and a reviewing court should not
substitute its judgment on the weight of the evidence if the record supports the ALJ’s
decision. Tex. Gov’t Code Ann. §§ 2001.174–.175 (Vernon 2000); Tex. Dep’t of
Pub. Safety v. Duggin, 962 S.W.2d 76, 78 (Tex. App.—Houston [1st Dist.] 1997, no
writ.). The test is not whether an ALJ reached the correct conclusion, but whether a
reasonable basis exists for that conclusion. Mireles, 9 S.W.3d at 131; City of El Paso
v. Pub. Util. Comm’n, 883 S.W.2d 179, 185 (Tex. 1994); Duggin, 962 S.W.2d at 78.
          To suspend a driver’s license, the Texas Transportation Code requires that: (1)
reasonable suspicion or probable cause existed to stop or arrest the person; (2)
probable cause existed to believe that the person was operating a motor vehicle in a
public place while intoxicated; (3) the person was placed under arrest by the officer
and was requested to submit to the taking of a specimen; and (4) the person refused
to submit to the taking of a specimen on request of the officer. Tex. Trans. Code.
Ann. §§ 724.042–.043 (Vernon 1999). Parks contends Deputy Cox did not have
probable cause to arrest him for suspicion of DWI and thus substantial evidence does
not support the ALJ’s decision.


 
          We conclude that the testimony of Deputy Cox at the administrative hearing,
along with his DIC-23 report, support the ALJ’s decision that probable cause existed
to arrest Parks. The DIC-23 indicates that Parks was traveling seventy-one miles per
hour in a thirty-five mile per hour zone on a public road. Deputy Cox detected a
strong odor of alcohol on the Parks’s breath, and observed Parks’s red, watery eyes,
and slurred speech. Parks also failed the horizontal nystagmus field sobriety test and
could not recite the alphabet correctly. The ALJ found Deputy Cox to be credible,
as she made findings of fact consistent with these aspects of Deputy Cox’s testimony. 
We therefore conclude that substantial evidence exists in the record to support the
ALJ’s conclusion that probably cause existed to arrest Parks for DWI. See Tex. Dep’t
of Pub. Safety v. Nielsen, 102 S.W.3d 313, 317 (Tex. App.—Beaumont 2003, no pet.).Evidentiary Rulings
           Parks argues the ALJ violated his constitutional due process rights when she
(1) refused to admit post-arrest videotape footage into evidence; (2) refused to allow
Parks’s counsel to cross-examine Deputy Cox regarding his radar equipment and the
relative location of entrance ramp to Interstate 45 to the scene of the traffic stop; and
(3) refused to allow the testimony of his mother, a registered nurse, describing his
usual demeanor and appearance. We review administrative rulings as to the
admission or exclusion of evidence under the same abuse of discretion standard we
apply in the trial courts. See Mendoza, 956 S.W.2d at 810 (quoting City of Amarillo
v. R.R. Comm’n of Tex., 894S.W.2d 491, 495 (Tex. App. —Austin 1995, writ
denied)). An ALJ abuses her discretion if she acts arbitrarily, unreasonably, or
without reference to any guiding rules and principles. Mendoza, 956 S.W.2d at
810–11 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42
(Tex. 1985)); see also City of Amarillo v. R.R. Comm’n of Tex., 894S.W.2d at 495.
          At the outset, we observe that the administrative suspension of a driver’s
license comports with the requirements of constitutional procedural due process,
because Parks received notice of his suspension, an opportunity to be heard to contest
it, and a means of appealing the ALJ’s decision. See Tex. Transp. Code Ann. §§
724.041, 724.047 (Vernon 1999); Tex. Dep’t of Pub. Safety v. Monroe, 983 S.W.2d
52, 56–57 (Tex. App.—Houston [14th Dist.] 1998, no pet.). We will review his
complaint, however, as to the evidentiary rulings. At his administrative hearing,
Parks sought to introduce a videotape of actions that took place at the police station
after his arrest. The ALJ allowed the pre-arrest portion of the tape, but refused to
admit the portions of the videotape taken after Parks’s arrest. Parks maintains that the
excluded footage at the station house demonstrates his “alleged refusal” to submit a
breath specimen. Parks contends the videotape also shows Deputy Cox giving
“mixed instructions” to him and is “confusing in his Miranda warnings.” Parks states
that both Deputy Cox’s warnings at the station house and the refusal of the ALJ to
admit the videotape into evidence violate his constitutional right to due process of
law. 
           Regardless of the nature of the Miranda warnings, Deputy Cox was within his
authority to request a breath specimen from him because the request is not part of a
custodial interrogation. Garner v. State, 779 S.W. 2d 498, 503 (Tex. App.—Fort
Worth 1989), writ ref’d 785 S.W.2d 158 (Tex. Crim. App. 1990); Granberry v. State,
745 S.W.2d 34, 37 (Tex. App.—Houston [14th Dist.] 1987, writ ref’d). Parks
contends that the tape would have shown that he was confused, because the Miranda
warning stated that he had the right to consult an attorney, yet he did not have the
right to consult an attorney before his refusal. A Miranda warning that a suspect has
a right to consult an attorney, however, does not negate a refusal to provide a breath
specimen. Reynolds v. State, 822 S.W.2d 341, 344-45 (Tex. App.—Houston [14th
Dist.] 1992), vacated on other grounds, 848 S.W.2d 148 (Tex. Crim. App. 1993). We
therefore conclude that the ALJ did not abuse her discretion in refusing to admit the
post-arrest footage of the videotape into evidence. 
          Parks also maintains the ALJ erred in denying his right to fully cross-examine
Deputy Cox. He first contends that the ALJ “denied the right to examine the officer
on the radar equipment to determine whether or not it was actually in use and working
property [sic].” The DPS responds that Parks’s questions were repetitive because the
deputy already answered two specific questions on direct examination without
objection. 
          Deputy Cox admitted to Parks that he tested the radar equipment as to accuracy
on a daily basis. Parks inquired as to whether any reports existed to show that Deputy
Cox actually tested the radar equipment. The ALJ sustained the DPS’s objection
based on relevance. 
          Parks also contends that the ALJ “denied his right to examine the officer on the
location to entrance and exit ramps from the adjacent high-speed freeway to show that
all times material thereto Appellant had proceeded at a normal, lawful rate of speed.”
In his brief, Parks further maintains he needed to accelerate to safely enter a
dangerous interstate highway. 
          At the administrative hearing, Parks did not offer a bill of exceptions
containing potential questions for Deputy Cox about the radar or the frontage road
location, nor answers he expected to receive. Parks may not assert error in the
exclusion of evidence absent a showing that he proffered the substance of the
evidence. Tex. R. Evid. 103(a)(2). Parks therefore waived any error in the exclusion
of this evidence.
          Finally, Parks contends that the ALJ erred in refusing to allow the testimony
of his mother, Suzanne Parks. Parks asserts that his mother would have testified that
his appearance and demeanor at the time of his arrest were normal for him. The ALJ
based its ruling on the fact that his mother stated at the administrative hearing that she
was not with Parks on the night of his arrest. The ALJ thus found the evidence
without relevance and thus inadmissible. 
          The normal use of one’s faculties is an objective standard that “refers to not
having the normal use of faculties when compared to the non-intoxicated behavior
of a reasonable person.” Hernandez v. State, 107 S.W.3d 41, 50 (Tex. App.—San
Antonio, 2003, no pet.). Thus, Parks’s mother’s testimony about Parks’s normal
appearance and demeanor was not relevant. Moreover, even if Parks’s mother had
offered explanations for Parks’s breath smelling of alcohol, slurred speech, watery
eyes, and failure to correctly recite the alphabet, her testimony would not have
negated the ALJ’s findings that probable cause existed to believe that Parks was
operating his car while intoxicated. Thus, the ALJ did not abuse her discretion in
refusing to admit Parks’s mother’s testimony. See id.
Conclusion
          We conclude that: (1) the administrative law judge had jurisdiction to hear the
request for an administrative suspension; (2) substantial evidence supports the ALJ’s
finding that probable cause existed to arrest Parks for DWI; and (3) the ALJ’s
evidentiary rulings did not violate Parks’s due process rights. We therefore affirm the
judgment of the trial court. 
 
 
                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Bland.