COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-100-CR

 

 

BROOKS EDWARD PAYNE                                                               APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

                          FROM
COUNTY COURT OF ARCHER COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I.  Introduction

Appellant
Brooks Edward Payne appeals his conviction for driving while intoxicated (ADWI@).  In seven issues, Payne challenges the trial
court=s
rulings denying his motion to dismiss, his motion to suppress, his motion for a
mistrial, and his requested jury charge instructions and admitting evidence
about a preliminary breath test.  We will
affirm.








II.  Factual and Procedural Background

On
December 31, 2007, at around 10:00 p.m., Trooper Corey Lain observed a vehicle
traveling at what he thought was a speed greater than the posted speed limit of
fifty-five miles per hour.  He activated
his radar and clocked the vehicle traveling at sixty-eight miles per hour and,
after catching up to the vehicle, at seventy-one miles per hour.  When Trooper Lain activated his patrol unit=s
overhead lights, the vehicle slowed down, turned on its turn signal, and began
to pull over, but it returned to the road and traveled a little farther before
ultimately stopping.

Trooper
Lain approached the vehicle and explained to the driver, Payne, that he had
been stopped for a speeding violation. 
Trooper Lain detected an odor of alcohol emanating from the interior of
the vehicle and observed that Payne=s
eyes were red and bloodshot.  He escorted
Payne to the rear of the vehicle and confirmed that the odor of alcohol was
coming from Payne=s breath. Trooper Lain asked
about the odor, and Payne said that he had consumed one beer about an hour and
a half earlier.








Trooper
Lain had Payne perform the Horizontal Gaze Nystagmus (AHGN@)
test; he observed six out of six clues indicating intoxication.  Payne also blew into a APreliminary
Breath Test@ (APBT@),
which, according to Trooper Lain, indicated the presence of alcohol, and Payne
performed the Areverse
counting test,@
during which he paused lengthily several times to recall the numbers. Payne
refused to perform the walk-and-turn test and the one-leg-stand test, claiming
that he had broken one of his toes when he was younger and had a problem with his
knee.  Considering Payne=s
driving behavior, the odor of alcohol on his breath, his admission of drinking
beer, his bloodshot eyes, the clues indicated on the sobriety tests he
performed, and the result of the PBT, Trooper Lain opined that Payne was
operating a motor vehicle while intoxicated and arrested him.[2]

At
trial, two of Payne=s acquaintances testified
that Payne was not intoxicated when he left a party at around 9:00 p.m. on the
night of his arrest. And Payne testified that he had two beers before being
stopped by Trooper Lain and that he was not intoxicated that night.

Payne
filed a motion to dismiss his case on the ground that the State had failed to
preserve a DVD containing the video recording of Payne=s
stop and arrest, which the trial court denied. 
The trial court also denied Payne=s
motion to suppress evidence, motion in limine regarding evidence of the PBT,
motion for a mistrial based on a violation of a motion in limine and code of
criminal procedure article 37.07, and requested jury instructions in regard to
unpreserved evidence and code of criminal procedure article 38.23.

A
jury convicted Payne of DWI, and the trial court sentenced him to 180 days=
confinement, suspended imposition of the sentence, placed him on community
supervision for eighteen months, and imposed a $1,000 fine.  This appeal followed.








III.  Failure to Preserve Evidence

In
his first and second issues, Payne argues that the trial court abused its
discretion by denying his motion to dismiss because the State=s
failure to preserve and make available a DVD video recording made of his
traffic stop ran afoul of the Fifth and Fourteenth Amendments to the United
States Constitution and article 1, sections 10 and 19 of the Texas
constitution.  In his seventh issue,
Payne argues that the trial court abused its discretion by giving the jury an
improper spoliation instruction concerning the defective DVD.  In regard to his arguments based on the Texas
constitution, Payne argues that this court should implement the legal standard
adopted by the Waco Court of Appeals in Pena v. State, 226 S.W.3d 634,
651B53
(Tex. App.CWaco
2007) (APena
III@), rev=d on
other grounds by 285 S.W.3d 459 (Tex. Crim. App. 2009), and
used by that same court in Freeman v. State, 276 S.W.3d 630, 634B37
(Tex. App.CWaco
2008), vacated, 286 S.W.3d 370 (Tex. Crim. App. 2009), and hold that the
Texas Due Course of Law provision provides a greater level of protection than
the federal Due Process Clause as it concerns the State=s
failure to preserve potentially useful evidence in a criminal prosecution.

A.      Motion to Dismiss








We
review the trial court=s denial of a motion to
dismiss a charging instrument for an abuse of discretion.  Rogers v. State, 113 S.W.3d 452, 459
(Tex. App.CSan
Antonio 2003, no pet.); Burgett v. State, No. 02-05-00377, 2006 WL
3525434, at *5 (Tex. App.CFort Worth Dec. 7, 2006,
pet. ref=d)
(mem. op., not designated for publication); see Thomas v. State, 621 S.W.2d
158, 163 (Tex. Crim. App. [Panel Op.] 1980). 
A trial court abuses its discretion when its decision is so clearly
wrong as to lie outside the zone within which reasonable persons might
disagree.  Howell v. State, 175
S.W.3d 786, 790 (Tex. Crim. App. 2005).

1.       Due Process

In
cases involving the State=s failure to preserve
evidence in a criminal trial, the United States Supreme Court has drawn a
distinction between Amaterial exculpatory
evidence@ and
Apotentially
useful evidence.@  See Arizona v. Youngblood, 488 U.S.
51, 57B58,
109 S. Ct. 333, 337 (1988).  A federal
due process violation occurs whenever the State suppresses or fails to disclose
material exculpatory evidence, regardless of whether the State acted in bad
faith.  Illinois v. Fisher, 540
U.S. 544, 547B48,
124 S. Ct. 1200, 1202 (2004). However, if a defendant seeks to prove a federal
due process violation based on the State=s
loss or destruction of potentially useful evidence, the defendant must
show that the State acted in bad faith in destroying the evidence.  Id.; Youngblood, 488 U.S. at 57B58,
109 S. Ct. at 337; see Jackson v. State, 50 S.W.3d 579, 589 (Tex. App.CFort
Worth 2001, pets. ref=d).








Here,
the record demonstrates that a recording device in Trooper Lain=s
patrol unit made a DVD recording of Payne=s
stop; that, pursuant to the Texas Department of Public Safety=s
procedure, the DVD was turned over to Trooper Lain=s
supervisor in Wichita Falls and stored for ninety days before being destroyed;
that someone made a copy for the State of the part of the original DVD showing
Payne=s
stop; that the copy was defective because it did not play back properly; and
that Trooper Lain could not thereafter locate the original DVD containing the
footage of Payne=s stop.

Payne
argues that the DVD showing his stop is Ainherently
exculpatory@
because it Awould
have shown what happened during the stop and arrest.@  The essence of Payne=s
argument, however, only amounts to an assertion that the DVD might have
exonerated him.  The DVD therefore falls
into the category of Apotentially useful evidence,@ and
Payne must show that the State acted in bad faith.  See Youngblood, 488 U.S. at 57B58,
109 S. Ct. at 337; Ramirez v. State, 301 S.W.3d 410, 420 (Tex. App.CAustin
2009, no pet.).  Payne does not argue
that the State=s
failure to preserve the DVD recording of his stop was the result of bad faith,
nor is there any evidence thereof in the record. Accordingly, the trial court
did not abuse its discretion by denying Payne=s
motion to dismiss on federal due process grounds.[3]  We overrule Payne=s
first issue.

2.       Due Course of Law








In Pena
v. State, the court of criminal appeals held that Pena had failed to
preserve his due course of law claim because, even though he invoked the Texas
Due Course of Law provision, he at no time argued that the provision affords
greater protection than the federal Due Process Clause.  285 S.W.3d 459, 464 (Tex. Crim. App.
2009).  Here, Payne only argued in his
motion to dismiss that the State=s
failure to preserve the DVD of his stop deprived him of due course of law under
article 1, section 19 of the Texas constitution, and he reiterated this same
ground at the hearing on his motion to dismiss. 
At no time during the hearing on the motion to dismiss did Payne argue
that the Texas Due Course of Law provision provides greater protection than the
federal Due Process Clause, nor did he distinguish the rights and protections
afforded under the Texas Due Course of Law provision from those provided under
the federal Due Process Clause. 
Accordingly, Payne failed to preserve this issue for appellate
review.  See id.

Even
if Payne had preserved this issue for appellate review, it is
unpersuasive.  In Salazar v. State,
this court addressed at length the issue of whether the Texas Due Course of Law
provision provides a greater level of protection than the federal Due Process
Clause and concluded as follows:

We
agree with our previous holding and the holding of other Texas courts of
appeals that the Due Course of Law Clause provides the same protection as the
Due Process Clause regarding the State=s [failure to preserve] potentially useful
evidence in a criminal prosecution. 
Therefore, . . . Salazar must demonstrate that the State acted
in bad faith.

 








298 S.W.3d 273, 277B79
(Tex. App.CFort
Worth 2009, pet. ref=d).  We decline to disavow our reasoning and
holding in Salazar.  Therefore, to
show a violation of the Texas Due Course of Law provision, Payne must
demonstrate that the State acted in bad faith. 
See id.; see also Youngblood, 488 U.S. at 57B58,
109 S. Ct. at 337; State v. Vasquez, 230 S.W.3d 744, 750B51
(Tex. App.CHouston
[14th Dist.] 2007, no pet.); Salazar v. State, 185 S.W.3d 90, 92 (Tex.
App.CSan
Antonio 2005, no pet.); Jackson, 50 S.W.3d at 588B89; State
v. Rudd, 871 S.W.2d 530, 533 (Tex. App.CDallas
1994, no pet.); Alvarado v. State, No. 07-06-00086-CR, 2006 WL 2860973,
at *3 (Tex. App.CAmarillo Oct. 9, 2006, no
pet.) (mem. op., not designated for publication).  As already addressed above, there is no
evidence that the State acted in bad faith. 
Accordingly, the trial court did not abuse its discretion by denying
Payne=s
motion to dismiss on the basis of article 1, section 19 of the Texas
constitution.[4]  We overrule Payne=s
second issue.

B.      Rejected Spoliation Instructions








Payne
requested that the trial court include in the jury charge one of several
spoliation instructions that he adapted from two example spoliation
instructions provided by the Waco Court of Appeals in Pena III.[5]  See Pena III, 226 S.W.3d at 656.  The trial court denied each of Payne=s
requests.

In
reviewing charge error, we must first determine whether error exists. Druery
v. State, 225 S.W.3d 491, 504 (Tex. Crim. App.), cert. denied, 552
U.S. 1028 (2007).  If we find error, we
must then determine whether the error caused sufficient harm to require
reversal.  Id.








Citing
Pena III, Payne argues that the Aspoliation
instruction given by the trial court was not 
. . . a proper instruction@ and
that his Aentitlement
to a proper spoliation instruction is supported by the preceding argument for
dismissal based on the State=s
violation of the Due Course of Law provision of Article I, Section 19 of the
Texas Constitution.@  Payne=s
argument on appeal challenging the trial court=s
denial of his requested instructions is thus based entirely on Pena III and
his contention that the Texas Due Course of Law provision provides greater
protection than the federal Due Process Clause. 
Accordingly, assuming that Payne preserved this issue for appellate
review,[6]
in light of our reasoning above confirming this court=s
holding in Salazar that the Texas Due Course of Law provision does not
provide a greater level of protection than the federal Due Process Clause, we
hold that the trial court properly denied Payne=s
requested spoliation instructions that were based on the reasoning and holding
in Pena III.  We overrule Payne=s
seventh issue.

IV.  Prior DWI Conviction








In
his third issue, Payne argues that the trial court abused its discretion by
denying his motion for a mistrial.  The
record shows that before opening statements, Payne notified the trial court
that a copy of the court=s trial docket sheet had
been posted on a door at the courthouse; that the docket sheet was posted in a
location where members of the jury could have seen it; and that the docket
sheet indicates, among other things, that Payne=s AOffense
Description@ is ADriving
While Intoxicated 2nd.@  [Emphasis added.]  Payne argued that the trial court should
grant a mistrial because the docket sheet informed the jury that he had a prior
conviction for DWI even though the State had agreed to Payne=s
motion in limine regarding the introduction of evidence relating to the prior
conviction.  On appeal, Payne similarly
argues that his prior conviction was only relevant for purposes of enhancement
and, therefore, that the jury Ashould
not have been made aware that he was previously convicted of driving while
intoxicated before making their decision as to guilt/innocence.@








We
review a trial court=s denial of a motion for
mistrial under an abuse of discretion standard. 
Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert.
denied, 542 U.S. 905 (2004); Wood v. State, 18 S.W.3d 642, 648 (Tex.
Crim. App. 2000).  Mistrial is
appropriate for only Ahighly prejudicial and
incurable errors,@ and the trial court is
required to grant a motion for a mistrial only when the improper evidence is Aclearly
prejudicial to the defendant and is of such character as to suggest the
impossibility of withdrawing the impression produced on the minds of the
jurors.@  Simpson, 119 S.W.3d at 272; Wood,
18 S.W.3d at 648; see Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim.
App. 2004) (stating that a motion for mistrial will be granted only in Aextreme
circumstances, where the prejudice is incurable@).

Here,
the docket sheet posting complies with the requirements of code of criminal
procedure article 17.085, which provides that A[t]he
clerk of a court that does not provide online Internet access to that court=s
criminal case records shall post in a designated public place in the courthouse
notice of a criminal court docket setting not less than 48 hours before the
docket setting.@ Tex. Code Crim. Proc. Ann.
art. 17.085 (Vernon Supp. 2009).  Also,
Payne=s
argument rests upon mere speculationCthere
is no evidence that the State made any of the jurors Aaware@ of
Payne=s
previous conviction or that any of the jurors actually observed the
complained-of information on the docket sheet. 
Therefore, there is nothing in the record demonstrating that any of the
jurors had information that Payne had a prior conviction for DWI.  Payne concedes this, stating that Ait
is impossible to know for certain which jurors or whether all of the jurors
were exposed to the information.@  There being a complete absence in the record
of any evidence of clear prejudice to Payne, we hold that the trial court did
not abuse its discretion by denying Payne=s
motion for a mistrial.  See Simpson,
119 S.W.3d at 272; Wood, 18 S.W.3d at 648.  We overrule Payne=s
third issue.

V.  Motion to Suppress








In
his fourth issue, Payne argues that the trial court erred by denying his motion
to suppress because Trooper Lain did not have reasonable suspicion to initiate
the stop of his vehicle.

We
review a trial court=s ruling on a motion to
suppress evidence under a bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  We give almost total
deference to a trial court=s
rulings on questions of historical fact and application-of-law-to-fact
questions that turn on an evaluation of credibility and demeanor, but we review
de novo application-of-law-to-fact questions that do not turn on
credibility and demeanor.  Amador,
221 S.W.3d at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim.
App. 2005); Johnson v. State, 68 S.W.3d 644, 652B53 (Tex.
Crim. App. 2002).








An
officer conducts a lawful stop when he has reasonable suspicion to believe that
an individual is violating the law.  Ford
v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); Tex. Dep=t of
Public Safety v. Gilfeather, 293 S.W.3d 875, 879 (Tex. App.CFort
Worth 2009, no pet.) (op. on reh=g).
Reasonable suspicion exists if the officer has specific, articulable facts
that, when combined with rational inferences from those facts, would lead him
to reasonably conclude that a particular person actually is, has been, or soon
will be engaged in criminal activity.  Ford,
158 S.W.3d at 492; Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App.
2001).  This is an objective standard
that disregards any subjective intent of the officer making the stop and looks
solely to whether an objective basis for the stop exists.  Ford, 158 S.W.3d at 492. A
reasonable-suspicion determination is made by considering the totality of the
circumstances.  Id. at 492B93.

Here,
Trooper Lain testified that he used radar equipment to verify that Payne=s
vehicle was traveling at sixty-eight and seventy-one miles per hour on a road
with a speed limit of only fifty-five miles per hour and, therefore, that he
stopped Payne=s
vehicle for a speeding violation. 
Trooper Lain accordingly had reasonable suspicion to stop Payne for the
offense of speeding.  See id.; Gilfeather,
293 S.W.3d at 879B80 (reasoning that officer
had reasonable suspicion to stop defendant because defendant was speeding); Icke
v. State, 36 S.W.3d 913, 915B16
(Tex. App.CHouston
[1st Dist.] 2001, pet. ref=d)
(affirming trial court=s denial of defendant=s
motion to suppress because officer had reasonable suspicion to conclude that
defendant was speeding).  We overrule
Payne=s
fourth issue.

VI.  PBT Evidence

In
his fifth issue, Payne argues that the trial court abused its discretion by
permitting the State to introduce the PBT evidence because the State failed to
demonstrate that the PBT is scientifically reliable as required by Kelly v.
State, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992).  Assuming without deciding that the trial
court abused its discretion, we conclude that Payne was not harmed by the
admission of the PBT evidence.








The
erroneous admission of evidence is nonconstitutional error.  See King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997). 
Nonconstitutional error Athat
does not affect substantial rights must be disregarded.@  Tex. R. App. P. 44.2(b).  A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the
jury=s
verdict.  King, 953 S.W.2d at 271
(citing Kotteakos v. United States, 328 U.S. 750, 776, 66 S. Ct.
1239, 1253 (1946)); Coggeshall v. State, 961 S.W.2d 639, 643 (Tex. App.CFort
Worth 1998, pet. ref=d).  Conversely, an error does not affect a
substantial right if we have Afair
assurance that the error did not influence the jury, or had but a slight
effect.@  Solomon v. State, 49 S.W.3d 356, 365
(Tex. Crim. App. 2001); Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App. 1998).  In making this
determination, we review the record as a whole, including any testimony or
physical evidence admitted for the jury=s
consideration, the nature of the evidence supporting the verdict, and the
character of the alleged error and how it might be considered in connection
with other evidence in the case.  Motilla
v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).  We may also consider the jury instructions,
the State=s
theory and any defensive theories, whether the State emphasized the error,
closing arguments, and even voir dire, if applicable.  Id. at 355B56.








The
PBT evidence was cumulative of other evidence demonstrating Payne=s
intoxication.  Excluding the testimony
about the PBT, Trooper Lain testified that he formed the opinion that Payne was
operating a motor vehicle while intoxicated based on (1) the odor of
alcohol on Payne=s breath; (2) Payne=s
red, bloodshot eyes; (3) Payne=s
admission of drinking beer; (4) the multiple clues observed when Payne
performed the field sobriety tests, which included six out of six clues
indicating intoxication on the HGN test; and (5) Payne=s Adriving
behavior@ of
speeding and slowing down his vehicle, turning on the turn signal, and
beginning to pull over but then returning to the road and traveling a little
farther before ultimately stopping. 
Trooper Lain testified that Payne became argumentative, upset, and
insulting after being arrested, and Payne admitted that he had actually
consumed two beers before being pulled over by Trooper Lain, instead of only
one beer as he told Trooper Lain.

The
State did not emphasize the PBT evidence during its case-in-chief or during its
closing argument.  Trooper Lain testified
only that the PBT indicated the presence of alcohol; he did not testify as to
the specific concentration of alcohol indicated by the PBT.  Not including the exchange between the trial
court, defense counsel, and the State over the admissibility of the PBT,
Trooper Lain=s
testimony about the PBT took up under one page of the record.  The State mentioned the PBT at closing
argument, but it did so only as part of its argument that Payne knew not to
give a breath specimen at the sheriff=s
office because he had seen the results of the PBT.








Viewing
the record as a whole, we conclude with fair assurance that the error, if any,
either did not influence the jury or that it had but a slight effect on the
jury.  See Motilla, 78 S.W.3d at
355; Solomon, 49 S.W.3d at 365; Baley v. State, No.
11-06-00098-CR, 2007 WL 4285266, at *3 (Tex. App.CEastland
Dec. 6, 2007, no pet.) (not designated for publication) (holding that erroneous
admission of portable breath test evidence was harmless because it was
cumulative of other evidence establishing intoxication and constituted a minor
part of the State=s evidence).  Accordingly, we overrule Payne=s
fifth issue.

VII.  Article 38.23 Instruction

In
his sixth issue, Payne argues that the trial court erred by refusing to submit
an article 38.23 instruction to the jury.[7]

Code
of criminal procedure article 38.23(a) provides as follows:

No evidence obtained by an officer or other
person in violation of any provisions of the Constitution or laws of the State
of Texas, or of the Constitution or laws of the United States of America, shall
be admitted in evidence against the accused on the trial of any criminal case.

 

In any case where the legal evidence raises
an issue hereunder, the jury shall be instructed that if it believes, or has a
reasonable doubt, that the evidence was obtained in violation of the provisions
of this Article, then and in such event, the jury shall disregard any such
evidence so obtained.

 








Tex. Code Crim. Proc. Ann.
art. 38.23(a) (Vernon 2005).  A defendant=s
right to the submission of a jury instruction under article 38.23(a) is thus
limited to disputed issues of fact that are material to his claim of a
constitutional or statutory violation that would render evidence
inadmissible.  Madden v. State,
242 S.W.3d 504, 509B10 (Tex. Crim. App. 2007).

There
are three requirements that a defendant must meet before he is entitled to the
submission of a jury instruction under article
38.23(a):  (1) the evidence heard by the jury must raise an
issue of fact; (2) the evidence on that fact must be affirmatively
contested; and (3) that contested factual issue must be material to the
lawfulness of the challenged conduct in obtaining the evidence.  Id. at 510.

Trooper
Lain testified that he observed Payne=s
vehicle traveling at what he thought was a speed greater than the speed limit
of fifty-five miles per hour and that he thereafter used his radar detector
after pulling behind Payne=s
vehicle to verify that Payne was traveling at sixty-eight and seventy-one miles
per hour.  Payne testified that he
disagreed with Trooper Lain=s
testimony that he was traveling at seventy-one miles per hour, but he admitted
that he was speeding when Trooper Lain pulled in behind him:

I
noticed there was a vehicle that pulled in behind me
. . . .  When I seen the
headlights of the vehicle, I looked down at the speedometer and I was doing
sixty miles an hour.  I rolled out of
the throttle and didn=t touch the brakes
and let the truck come down to fifty-five because I realized at that point
in time I was five miles over. 
[Emphasis added.]

 








Thus, unlike in Reynolds
v. State, in which the defendant did dispute that he was speeding, Payne
did not disputeCindeed, he even confirmedCthat
he was speeding.  848 S.W.2d 148, 148B49
(Tex. Crim. App. 1993).  That Payne
disputed by how much he was speeding did not raise a genuine fact issue
regarding whether he was, in fact, speeding. 
See Madden, 242 S.W.3d at 511 (AThe
disputed fact must be an essential one in deciding the lawfulness of the
challenged conduct.@).  Accordingly, the record demonstrates that
there is no genuine dispute about whether Payne was speeding.  We hold that the trial court properly denied
Payne=s
request for an article 38.23(a) instruction, and we overrule Payne=s
sixth issue.  See Tex. Code Crim.
Proc. Ann. art. 38.23(a); Madden, 242 S.W.3d at 509B10.

VIII.  Conclusion

Having
overruled all seven of Payne=s
issues, we affirm the trial court=s
judgment.

 

 

BILL MEIER

JUSTICE

 

PANEL:  MCCOY and MEIER, JJ.; and DIXON W. HOLMAN
(Senior Justice, Retired, Sitting by Assignment).

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 29, 2010











[1]See Tex. R. App. P. 47.4.





[2]Payne refused to give
a breath specimen at the Archer County Sheriff=s Office.





[3]Payne also argues
that he was denied his Fifth Amendment right Anot to testify@ because the State=s failure to preserve
the DVD Aleft him with no
choice but to testify since no one else was present during the stop and arrest
other than Trooper Lain.@  Payne did not argue this basis for dismissal
in his motion to dismiss or at the hearing on his motion to dismiss.  Further, in his brief, Payne included
citations to relevant authorities in support of his due process argument, but
he did not include any citation to relevant authorities or any separate
argument to support this additional argument. 
Consequently, Payne failed to preserve this argument for appellate
review.  See Tex. R. App. P.
33.1(a)(1), 38.1(i).





[4]As with his federal
due process argument, Payne argues that he was denied his right Anot to testify@ under article 1,
section 10 of the Texas constitution because Athere were no
witnesses to the stop and arrest.@  Payne
did not argue this basis for dismissal in his motion to dismiss or at the
hearing on his motion to dismiss. 
Further, in his brief, Payne did not include any citation to relevant
authorities or any separate argument to support this additional argument.  Consequently, Payne failed to preserve this
argument for appellate review.  See Tex.
R. App. P. 33.1(a)(1), 38.1(i).





[5]The first spoliation
instruction that Payne requested stated in relevant part as follows:

 

You
may take note of the fact that the [S]tate had made a DVD recording of the
stop, detention and arrest of the defendant in this case, and that as a matter
of law such DVD tape is material evidence in this case.  The fact that the [S]tate lost or destroyed
the DVD tape does not, in itself, require that you acquit the defendant.  It is, however, one factor for you to
consider in your deliberations.

 

The second requested
spoliation instruction stated in relevant part as follows:

 

The
State has a duty to gather, preserve, and produce at trial evidence which may
possess exculpatory value.  Such evidence
must be of a nature that the defendant would be unable to obtain comparable
evidence through reasonably available means. 
The State has no duty to gather or indefinitely preserve evidence
considered by a qualified person to have no exculpatory value, so that an as
yet unknown defendant may later examine the evidence.

 

If, after
considering all of the proof, you find that the State failed to gather or
preserve evidence, the contents or qualities of which are in issue and the
production of which would more probably than not be of benefit to the
defendant, you may infer that the absent evidence would be favorable to the
defendant.





[6]Payne argued at the
charge conference,

 

[W]e have objections
to what is now in the Charge Of The Court, paragraph Roman Numeral Three that
deals with [spoliation], and that it=s our position that because of Article I,
Section 19 of the Texas Constitution and the Texas statutes requiring the State
to preserve the evidence, that is material to a case, that we do not have a
burden to show any type of intentional destruction whatsoever, and that
intentional should be removed and that it=s not just destroyed.  It can be evidence that not if otherwise
unfaithful; in other words, how they have worded it, it fails to account for
the Texas law that requires them to preserve it, so whether it=s lost, misplaced,
destroyed or whatever, the fact situation might be that the inability of the
State to produce materials is potentially exculpatory and useful to the
Defendant, provides the Defendant with the right to intervene and adverse
influence for missing evidence.





[7]We apply the same
charge-error standard of review set forth, supra.  See Druery, 225 S.W.3d at 504.