

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### PD-0356-09

**STEVEN DOUGLAS FREEMAN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE TENTH COURT OF APPEALS MCLENNAN COUNTY

*Per curiam.*

### O P I N I O N

Appellant was stopped for a traffic violation and was ultimately arrested and charged with driving while intoxicated. At trial, it came to light that the police videotape of appellant's stop and field sobriety tests was recorded over. At the close of evidence, appellant requested a spoliation instruction regarding the missing tape. Appellant did not cite any constitutional authority in support of his requested instruction. The State argued that the federal standard under *Arizona v. Youngblood*, 408 U.S. 51 (1988), applied. The

requested instruction was denied.

On appeal, the Waco Court of Appeals held appellant had adequately preserved his claim under the Texas due course of law provision by requesting the instruction. The court then applied the holding in *Pena v. State*, 226 S.W.3d 634 (Tex. App.—Waco 2007), which held that the Texas due course of law provision provides a greater level of protection than the Due Process Clause of the Fourteenth Amendment, to analyze the trial court's denial of the requested instruction. The court ultimately held that appellant's due course of law rights were not violated and affirmed his conviction and sentence.

Appellant has filed a petition for discretionary review in which he complains, in part, of the court of appeals' application of its own test established in *Pena*. However, this Court has since reversed the court of appeals in *Pena*, holding that Pena had failed to preserve his complaint that the Texas due course of law provides greater protection than the federal provision. *Pena v. State*, PD-1411-07 (Tex. Crim. App. April 8, 2009). Based on our decision in *Pena*, we grant appellant's petition for discretionary review, vacate the judgment of the court of appeals, and remand this case to that court to reconsider whether the issue was preserved.

DELIVERED July 1, 2009
PUBLISH