

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-100-CR

BROOKS EDWARD PAYNE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

### FROM COUNTY COURT OF ARCHER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

Appellant Brooks Edward Payne appeals his conviction for driving while intoxicated ("DWI"). In seven issues, Payne challenges the trial court's rulings denying his motion to dismiss, his motion to suppress, his motion for a mistrial, and his requested jury charge instructions and admitting evidence about a preliminary breath test. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 2007, at around 10:00 p.m., Trooper Corey Lain observed a vehicle traveling at what he thought was a speed greater than the posted speed limit of fifty-five miles per hour. He activated his radar and clocked the vehicle traveling at sixty-eight miles per hour and, after catching up to the vehicle, at seventy-one miles per hour. When Trooper Lain activated his patrol unit's overhead lights, the vehicle slowed down, turned on its turn signal, and began to pull over, but it returned to the road and traveled a little farther before ultimately stopping.

Trooper Lain approached the vehicle and explained to the driver, Payne, that he had been stopped for a speeding violation. Trooper Lain detected an odor of alcohol emanating from the interior of the vehicle and observed that Payne's eyes were red and bloodshot. He escorted Payne to the rear of the vehicle and confirmed that the odor of alcohol was coming from Payne's breath. Trooper Lain asked about the odor, and Payne said that he had consumed one beer about an hour and a half earlier.

Trooper Lain had Payne perform the Horizontal Gaze Nystagmus ("HGN") test; he observed six out of six clues indicating intoxication. Payne also blew into a "Preliminary Breath Test" ("PBT"), which, according to Trooper Lain, indicated the presence of alcohol, and Payne performed the "reverse counting test," during which he paused lengthily several times to recall the numbers. Payne refused to perform the walk-and-turn test and the one-leg-stand test, claiming that he had broken one

2

of his toes when he was younger and had a problem with his knee. Considering Payne's driving behavior, the odor of alcohol on his breath, his admission of drinking beer, his bloodshot eyes, the clues indicated on the sobriety tests he performed, and the result of the PBT, Trooper Lain opined that Payne was operating a motor vehicle while intoxicated and arrested him.[2]

At trial, two of Payne's acquaintances testified that Payne was not intoxicated when he left a party at around 9:00 p.m. on the night of his arrest. And Payne testified that he had two beers before being stopped by Trooper Lain and that he was not intoxicated that night.

Payne filed a motion to dismiss his case on the ground that the State had failed to preserve a DVD containing the video recording of Payne's stop and arrest, which the trial court denied. The trial court also denied Payne's motion to suppress evidence, motion in limine regarding evidence of the PBT, motion for a mistrial based on a violation of a motion in limine and code of criminal procedure article 37.07, and requested jury instructions in regard to unpreserved evidence and code of criminal procedure article 38.23.

A jury convicted Payne of DWI, and the trial court sentenced him to 180 days' confinement, suspended imposition of the sentence, placed him on community supervision for eighteen months, and imposed a $1,000 fine. This appeal followed.

---

[2] Payne refused to give a breath specimen at the Archer County Sheriff's Office.

3

### III. FAILURE TO PRESERVE EVIDENCE

In his first and second issues, Payne argues that the trial court abused its discretion by denying his motion to dismiss because the State's failure to preserve and make available a DVD video recording made of his traffic stop ran afoul of the Fifth and Fourteenth Amendments to the United States Constitution and article 1, sections 10 and 19 of the Texas constitution. In his seventh issue, Payne argues that the trial court abused its discretion by giving the jury an improper spoliation instruction concerning the defective DVD. In regard to his arguments based on the Texas constitution, Payne argues that this court should implement the legal standard adopted by the Waco Court of Appeals in *Pena v. State*, 226 S.W.3d 634, 651–53 (Tex. App.—Waco 2007) ("*Pena III*"), *rev'd on other grounds by* 285 S.W.3d 459 (Tex. Crim. App. 2009), and used by that same court in *Freeman v. State*, 276 S.W.3d 630, 634–37 (Tex. App.—Waco 2008), *vacated*, 286 S.W.3d 370 (Tex. Crim. App. 2009), and hold that the Texas Due Course of Law provision provides a greater level of protection than the federal Due Process Clause as it concerns the State's failure to preserve potentially useful evidence in a criminal prosecution.

#### A.    Motion to Dismiss

We review the trial court's denial of a motion to dismiss a charging instrument for an abuse of discretion. *Rogers v. State*, 113 S.W.3d 452, 459 (Tex. App.—San Antonio 2003, no pet.); *Burgett v. State*, No. 02-05-00377, 2006 WL 3525434, at *5 (Tex. App.—Fort Worth Dec. 7, 2006, pet. ref'd) (mem. op., not designated for

publication); *see Thomas v. State*, 621 S.W.2d 158, 163 (Tex. Crim. App. [Panel Op.] 1980). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005).

### 1. Due Process

In cases involving the State's failure to preserve evidence in a criminal trial, the United States Supreme Court has drawn a distinction between "material exculpatory evidence" and "potentially useful evidence." *See Arizona v. Youngblood*, 488 U.S. 51, 57–58, 109 S. Ct. 333, 337 (1988). A federal due process violation occurs whenever the State suppresses or fails to disclose material exculpatory evidence, regardless of whether the State acted in bad faith. *Illinois v. Fisher*, 540 U.S. 544, 547–48, 124 S. Ct. 1200, 1202 (2004). However, if a defendant seeks to prove a federal due process violation based on the State's loss or destruction of *potentially* useful evidence, the defendant must show that the State acted in bad faith in destroying the evidence. *Id.*; *Youngblood*, 488 U.S. at 57–58, 109 S. Ct. at 337; *see Jackson v. State*, 50 S.W.3d 579, 589 (Tex. App.—Fort Worth 2001, pets. ref'd).

Here, the record demonstrates that a recording device in Trooper Lain's patrol unit made a DVD recording of Payne's stop; that, pursuant to the Texas Department of Public Safety's procedure, the DVD was turned over to Trooper Lain's supervisor in Wichita Falls and stored for ninety days before being destroyed; that someone

5

made a copy for the State of the part of the original DVD showing Payne's stop; that the copy was defective because it did not play back properly; and that Trooper Lain could not thereafter locate the original DVD containing the footage of Payne's stop.

Payne argues that the DVD showing his stop is "inherently exculpatory" because it "would have shown what happened during the stop and arrest." The essence of Payne's argument, however, only amounts to an assertion that the DVD *might* have exonerated him. The DVD therefore falls into the category of "potentially useful evidence," and Payne must show that the State acted in bad faith. *See Youngblood*, 488 U.S. at 57–58, 109 S. Ct. at 337; *Ramirez v. State*, 301 S.W.3d 410, 420 (Tex. App.—Austin 2009, no pet.). Payne does not argue that the State's failure to preserve the DVD recording of his stop was the result of bad faith, nor is there any evidence thereof in the record. Accordingly, the trial court did not abuse its discretion by denying Payne's motion to dismiss on federal due process grounds.[3] We overrule Payne's first issue.

## 2. Due Course of Law

[3] Payne also argues that he was denied his Fifth Amendment right "not to testify" because the State's failure to preserve the DVD "left him with no choice but to testify since no one else was present during the stop and arrest other than Trooper Lain." Payne did not argue this basis for dismissal in his motion to dismiss or at the hearing on his motion to dismiss. Further, in his brief, Payne included citations to relevant authorities in support of his due process argument, but he did not include any citation to relevant authorities or any separate argument to support this additional argument. Consequently, Payne failed to preserve this argument for appellate review. *See* Tex. R. App. P. 33.1(a)(1), 38.1(i).

In *Pena v. State*, the court of criminal appeals held that Pena had failed to preserve his due course of law claim because, even though he invoked the Texas Due Course of Law provision, he at no time argued that the provision affords greater protection than the federal Due Process Clause. 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). Here, Payne only argued in his motion to dismiss that the State's failure to preserve the DVD of his stop deprived him of due course of law under article 1, section 19 of the Texas constitution, and he reiterated this same ground at the hearing on his motion to dismiss. At no time during the hearing on the motion to dismiss did Payne argue that the Texas Due Course of Law provision provides greater protection than the federal Due Process Clause, nor did he distinguish the rights and protections afforded under the Texas Due Course of Law provision from those provided under the federal Due Process Clause. Accordingly, Payne failed to preserve this issue for appellate review. *See id.*

Even if Payne had preserved this issue for appellate review, it is unpersuasive. In *Salazar v. State*, this court addressed at length the issue of whether the Texas Due Course of Law provision provides a greater level of protection than the federal Due Process Clause and concluded as follows:

> We agree with our previous holding and the holding of other Texas courts of appeals that the Due Course of Law Clause provides the same protection as the Due Process Clause regarding the State's [failure to preserve] potentially useful evidence in a criminal prosecution. Therefore, . . . Salazar must demonstrate that the State acted in bad faith.

7

298 S.W.3d 273, 277–79 (Tex. App.—Fort Worth 2009, pet. ref'd).  We decline to disavow our reasoning and holding in *Salazar*.  Therefore, to show a violation of the Texas Due Course of Law provision, Payne must demonstrate that the State acted in bad faith.  *See id.*; *see also Youngblood*, 488 U.S. at 57–58, 109 S. Ct. at 337; *State v. Vasquez*, 230 S.W.3d 744, 750–51 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Salazar v. State*, 185 S.W.3d 90, 92 (Tex. App.—San Antonio 2005, no pet.); *Jackson*, 50 S.W.3d at 588–89; *State v. Rudd*, 871 S.W.2d 530, 533 (Tex. App.—Dallas 1994, no pet.); *Alvarado v. State*, No. 07-06-00086-CR, 2006 WL 2860973, at *3 (Tex. App.—Amarillo Oct. 9, 2006, no pet.) (mem. op., not designated for publication).  As already addressed above, there is no evidence that the State acted in bad faith.  Accordingly, the trial court did not abuse its discretion by denying Payne's motion to dismiss on the basis of article 1, section 19 of the Texas constitution.[4]  We overrule Payne's second issue.

## B.    Rejected Spoliation Instructions

Payne requested that the trial court include in the jury charge one of several spoliation instructions that he adapted from two example spoliation instructions

---

[4] As with his federal due process argument, Payne argues that he was denied his right "not to testify" under article 1, section 10 of the Texas constitution because "there were no witnesses to the stop and arrest."  Payne did not argue this basis for dismissal in his motion to dismiss or at the hearing on his motion to dismiss.  Further, in his brief, Payne did not include any citation to relevant authorities or any separate argument to support this additional argument.  Consequently, Payne failed to preserve this argument for appellate review. *See* Tex. R. App. P. 33.1(a)(1), 38.1(i).

provided by the Waco Court of Appeals in *Pena III*.[5]  *See Pena III*, 226 S.W.3d at 656.  The trial court denied each of Payne's requests.

In reviewing charge error, we must first determine whether error exists. *Druery v. State*, 225 S.W.3d 491, 504 (Tex. Crim. App.), *cert. denied*, 552 U.S. 1028 (2007).  If we find error, we must then determine whether the error caused sufficient harm to require reversal.  *Id.*

Citing *Pena III*, Payne argues that the "spoliation instruction given by the trial court was not . . . a proper instruction" and that his "entitlement to a proper

---

[5] The first spoliation instruction that Payne requested stated in relevant part as follows:

> You may take note of the fact that the [S]tate had made a DVD recording of the stop, detention and arrest of the defendant in this case, and that as a matter of law such DVD tape is material evidence in this case.  The fact that the [S]tate lost or destroyed the DVD tape does not, in itself, require that you acquit the defendant.  It is, however, one factor for you to consider in your deliberations.

The second requested spoliation instruction stated in relevant part as follows:

> The State has a duty to gather, preserve, and produce at trial evidence which may possess exculpatory value.  Such evidence must be of a nature that the defendant would be unable to obtain comparable evidence through reasonably available means.  The State has no duty to gather or indefinitely preserve evidence considered by a qualified person to have no exculpatory value, so that an as yet unknown defendant may later examine the evidence.

> If, after considering all of the proof, you find that the State failed to gather or preserve evidence, the contents or qualities of which are in issue and the production of which would more probably than not be of benefit to the defendant, you may infer that the absent evidence would be favorable to the defendant.

9

spoliation instruction is supported by the preceding argument for dismissal based on the State's violation of the Due Course of Law provision of Article I, Section 19 of the Texas Constitution." Payne's argument on appeal challenging the trial court's denial of his requested instructions is thus based entirely on *Pena III* and his contention that the Texas Due Course of Law provision provides greater protection than the federal Due Process Clause. Accordingly, assuming that Payne preserved this issue for appellate review,[6] in light of our reasoning above confirming this court's holding in *Salazar* that the Texas Due Course of Law provision does not provide a greater level of protection than the federal Due Process Clause, we hold that the trial court properly denied Payne's requested spoliation instructions that were based on the reasoning and holding in *Pena III*. We overrule Payne's seventh issue.

## IV.  PRIOR DWI CONVICTION

---

[6] Payne argued at the charge conference,

[W]e have objections to what is now in the Charge Of The Court, paragraph Roman Numeral Three that deals with [spoliation], and that it's our position that because of Article I, Section 19 of the Texas Constitution and the Texas statutes requiring the State to preserve the evidence, that is material to a case, that we do not have a burden to show any type of intentional destruction whatsoever, and that intentional should be removed and that it's not just destroyed. It can be evidence that not if otherwise unfaithful; in other words, how they have worded it, it fails to account for the Texas law that requires them to preserve it, so whether it's lost, misplaced, destroyed or whatever, the fact situation might be that the inability of the State to produce materials is potentially exculpatory and useful to the Defendant, provides the Defendant with the right to intervene and adverse influence for missing evidence.

10

In his third issue, Payne argues that the trial court abused its discretion by denying his motion for a mistrial. The record shows that before opening statements, Payne notified the trial court that a copy of the court's trial docket sheet had been posted on a door at the courthouse; that the docket sheet was posted in a location where members of the jury could have seen it; and that the docket sheet indicates, among other things, that Payne's "Offense Description" is "Driving While Intoxicated *2nd*." [Emphasis added.] Payne argued that the trial court should grant a mistrial because the docket sheet informed the jury that he had a prior conviction for DWI even though the State had agreed to Payne's motion in limine regarding the introduction of evidence relating to the prior conviction. On appeal, Payne similarly argues that his prior conviction was only relevant for purposes of enhancement and, therefore, that the jury "should not have been made aware that he was previously convicted of driving while intoxicated before making their decision as to guilt/innocence."

We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), *cert. denied*, 542 U.S. 905 (2004); *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). Mistrial is appropriate for only "highly prejudicial and incurable errors," and the trial court is required to grant a motion for a mistrial only when the improper evidence is "clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the

11

jurors." *Simpson*, 119 S.W.3d at 272; *Wood*, 18 S.W.3d at 648; *see Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (stating that a motion for mistrial will be granted only in "extreme circumstances, where the prejudice is incurable").

Here, the docket sheet posting complies with the requirements of code of criminal procedure article 17.085, which provides that "[t]he clerk of a court that does not provide online Internet access to that court's criminal case records shall post in a designated public place in the courthouse notice of a criminal court docket setting not less than 48 hours before the docket setting." Tex. Code Crim. Proc. Ann. art. 17.085 (Vernon Supp. 2009). Also, Payne's argument rests upon mere speculation—there is no evidence that the State made any of the jurors "aware" of Payne's previous conviction or that any of the jurors actually observed the complained-of information on the docket sheet. Therefore, there is nothing in the record demonstrating that any of the jurors had information that Payne had a prior conviction for DWI. Payne concedes this, stating that "it is impossible to know for certain which jurors or whether all of the jurors were exposed to the information." There being a complete absence in the record of any evidence of clear prejudice to Payne, we hold that the trial court did not abuse its discretion by denying Payne's motion for a mistrial. *See Simpson*, 119 S.W.3d at 272; *Wood*, 18 S.W.3d at 648. We overrule Payne's third issue.

## V. MOTION TO SUPPRESS

12

In his fourth issue, Payne argues that the trial court erred by denying his motion to suppress because Trooper Lain did not have reasonable suspicion to initiate the stop of his vehicle.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

An officer conducts a lawful stop when he has reasonable suspicion to believe that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *Tex. Dep't of Public Safety v. Gilfeather*, 293 S.W.3d 875, 879 (Tex. App.—Fort Worth 2009, no pet.) (op. on reh'g). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Ford*, 158 S.W.3d at 492; *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). This is an objective standard that disregards any subjective intent of the officer making

13

the stop and looks solely to whether an objective basis for the stop exists. *Ford*, 158 S.W.3d at 492. A reasonable-suspicion determination is made by considering the totality of the circumstances. *Id.* at 492–93.

Here, Trooper Lain testified that he used radar equipment to verify that Payne's vehicle was traveling at sixty-eight and seventy-one miles per hour on a road with a speed limit of only fifty-five miles per hour and, therefore, that he stopped Payne's vehicle for a speeding violation. Trooper Lain accordingly had reasonable suspicion to stop Payne for the offense of speeding. *See id.*; *Gilfeather*, 293 S.W.3d at 879–80 (reasoning that officer had reasonable suspicion to stop defendant because defendant was speeding); *Icke v. State*, 36 S.W.3d 913, 915–16 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (affirming trial court's denial of defendant's motion to suppress because officer had reasonable suspicion to conclude that defendant was speeding). We overrule Payne's fourth issue.

## VI. PBT EVIDENCE

In his fifth issue, Payne argues that the trial court abused its discretion by permitting the State to introduce the PBT evidence because the State failed to demonstrate that the PBT is scientifically reliable as required by *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992). Assuming without deciding that the trial court abused its discretion, we conclude that Payne was not harmed by the admission of the PBT evidence.

14

The erroneous admission of evidence is nonconstitutional error. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Nonconstitutional error "that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King*, 953 S.W.2d at 271 (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); *Coggeshall v. State*, 961 S.W.2d 639, 643 (Tex. App.—Fort Worth 1998, pet. ref'd). Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). In making this determination, we review the record as a whole, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). We may also consider the jury instructions, the State's theory and any defensive theories, whether the State emphasized the error, closing arguments, and even voir dire, if applicable. *Id.* at 355–56.

The PBT evidence was cumulative of other evidence demonstrating Payne's intoxication. Excluding the testimony about the PBT, Trooper Lain testified that he formed the opinion that Payne was operating a motor vehicle while intoxicated based

on (1) the odor of alcohol on Payne's breath; (2) Payne's red, bloodshot eyes; (3) Payne's admission of drinking beer; (4) the multiple clues observed when Payne performed the field sobriety tests, which included six out of six clues indicating intoxication on the HGN test; and (5) Payne's "driving behavior" of speeding and slowing down his vehicle, turning on the turn signal, and beginning to pull over but then returning to the road and traveling a little farther before ultimately stopping. Trooper Lain testified that Payne became argumentative, upset, and insulting after being arrested, and Payne admitted that he had actually consumed two beers before being pulled over by Trooper Lain, instead of only one beer as he told Trooper Lain.

The State did not emphasize the PBT evidence during its case-in-chief or during its closing argument. Trooper Lain testified only that the PBT indicated the presence of alcohol; he did not testify as to the specific concentration of alcohol indicated by the PBT. Not including the exchange between the trial court, defense counsel, and the State over the admissibility of the PBT, Trooper Lain's testimony about the PBT took up under one page of the record. The State mentioned the PBT at closing argument, but it did so only as part of its argument that Payne knew not to give a breath specimen at the sheriff's office because he had seen the results of the PBT.

Viewing the record as a whole, we conclude with fair assurance that the error, if any, either did not influence the jury or that it had but a slight effect on the jury. *See Motilla*, 78 S.W.3d at 355; *Solomon*, 49 S.W.3d at 365; *Baley v. State*, No. 11-

16

06-00098-CR, 2007 WL 4285266, at *3 (Tex. App.—Eastland Dec. 6, 2007, no pet.) (not designated for publication) (holding that erroneous admission of portable breath test evidence was harmless because it was cumulative of other evidence establishing intoxication and constituted a minor part of the State's evidence). Accordingly, we overrule Payne's fifth issue.

## VII. ARTICLE 38.23 INSTRUCTION

In his sixth issue, Payne argues that the trial court erred by refusing to submit an article 38.23 instruction to the jury.[7]

Code of criminal procedure article 38.23(a) provides as follows:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). A defendant's right to the submission of a jury instruction under article 38.23(a) is thus limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation

---

[7] We apply the same charge-error standard of review set forth, *supra*. *See Druery*, 225 S.W.3d at 504.

17

that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007).

There are three requirements that a defendant must meet before he is entitled to the submission of a jury instruction under article 38.23(a): (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) that contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.* at 510.

Trooper Lain testified that he observed Payne's vehicle traveling at what he thought was a speed greater than the speed limit of fifty-five miles per hour and that he thereafter used his radar detector after pulling behind Payne's vehicle to verify that Payne was traveling at sixty-eight and seventy-one miles per hour. Payne testified that he disagreed with Trooper Lain's testimony that he was traveling at seventy-one miles per hour, but he admitted that he was speeding when Trooper Lain pulled in behind him:

> I noticed there was a vehicle that pulled in behind me . . . . When I seen the headlights of the vehicle, I looked down at the speedometer and *I was doing sixty miles an hour*. I rolled out of the throttle and didn't touch the brakes and let the truck come down to fifty-five *because I realized at that point in time I was five miles over*. [Emphasis added.]

Thus, unlike in *Reynolds v. State*, in which the defendant did dispute that he was speeding, Payne did not dispute—indeed, he even confirmed—that he was speeding. 848 S.W.2d 148, 148–49 (Tex. Crim. App. 1993). That Payne disputed *by how much* he was speeding did not raise a genuine fact issue regarding whether

he was, in fact, speeding. *See Madden*, 242 S.W.3d at 511 ("The disputed fact must be an essential one in deciding the lawfulness of the challenged conduct."). Accordingly, the record demonstrates that there is no genuine dispute about whether Payne was speeding. We hold that the trial court properly denied Payne's request for an article 38.23(a) instruction, and we overrule Payne's sixth issue. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a); *Madden*, 242 S.W.3d at 509–10.

## VIII. CONCLUSION

Having overruled all seven of Payne's issues, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL: MCCOY and MEIER, JJ.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 29, 2010