IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,363-01






EX PARTE STEVEN DOUGLAS FREEMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2007-297-C2 IN THE 19TH DISTRICT COURT


FROM MCLENNAN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to forty years' imprisonment. The Tenth Court of Appeals affirmed his
conviction. Freeman v. State, 276 S.W.3d 630 (Tex. App.-Waco, 2008). This Court reversed and
remanded the cause. Freeman v. State, 286 S.W.3d 370 (Tex. Crim. App. 2009). The Tenth Court
of Appeals then re-affirmed his conviction. Freeman v. State, No. 10-07-00363-CR (Tex.
App.-Waco, January 20, 2010).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he failed to challenge a juror for cause. He alleges that the juror was biased and ultimately served
on the jury, which harmed his defense.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial counsel regarding Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall determine whether the venire person referenced by Applicant actually
served on his jury. If so, the trial court shall determine whether the venire person made statements
during voir dire which could have subjected her to a challenge for cause by defense counsel. If so,
the trial court shall determine whether defense counsel's failure to challenge for cause harmed
Applicant's defense. The trial court shall make findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 25, 2012

Do not publish