PD-1381-15

PD-1381-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/23/2015 7:10:01 AM
Accepted 10/23/2015 12:44:39 PM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

ALBERTO JOSE MEZA
    APPELLANT

      V.        COA NO.  02-14-00277-CR
                TRIAL COURT NO. CR 17201

THE STATE OF TEXAS,
    APPELLEE


APPEALED FROM CAUSE NUMBER CR 17201,  IN THE 271ST DISTRICT COURT, WISE COUNTY, TEXAS;  THE HONORABLE JOHN FOSTEL, JUDGE PRESIDING.

.


APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


WILLIAM H. "BILL" RAY
TEXAS BAR CARD NO. 16608700
ATTORNEY FOR APPELLANT

LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.
512 MAIN STREET, STE. 308
FORT WORTH, TEXAS 76102
(817) 698-9090
(817) 698-9092, FAX
bill@billraylawyer.com

FILED IN
COURT OF CRIMINAL APPEALS

October 23, 2015

ABEL ACOSTA, CLERK

***ORAL ARGUMENT IS NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

ALBERTO JOSE MEZA            APPELLANT
     c\o Texas Dept. of Criminal
     Justice, Institutional
     Division, Huntsville, Texas

HONORABLE ABE FACTOR         ATTORNEYS FOR APPELLANT
HONORABLE ERIC LABOVITZ     AT TRIAL
     5719 Airport Freeway
     Haltom City, Texas   76117

HONORABLE WILLIAM H. RAY     ATTORNEY FOR APPELLANT
     512 Main Street, Ste. 308       ON APPEAL
     Ft. Worth, Texas 76102

HONORABLE GREG LOWERY      DISTRICT ATTORNEY
     Wise County Courthouse      WISE COUNTY, TEXAS
     Decatur, Texas 76234

HONORABLE PATRICK BERRY      WISE COUNTY DISTRICT
HONORABLE LINDY BORCHARDT    ATTORNEY'S OFFICE
     Wise County Courthouse
     Decatur, Texas 76234

HONORABLE JOHN FOSTEL       JUDGE, 271ST DISTRICT
     Wise County Courthouse      COURT OF
     Decatur, Texas 76234         WISE COUNTY, TEXAS

HONORABLE LISA McMINN       STATE PROSECUTING
     P.O. Box 13046             ATTORNEY
     Austin, Texas 78711

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL                                    2

INDEX OF AUTHORITIES                                              4

STATEMENT CONCERNING ORAL ARGUMENT                               5

STATEMENT OF THE CASE                                            5

STATEMENT OF THE PROCEDURAL HISTORY                              6

GROUNDS FOR REVIEW

GROUND FOR REVIEW NUMBER ONE                                     7

    THE TRIAL COURT ABUSED ITS DISCRETION BY
    REFUSING TO SUBMIT A JURY INSTRUCTION ON THE
    ISSUE OF SPOILIATION CONCERNING THE
    DESTRUCTION OF AN IN CAR POLICE VIDEO

GROUND FOR REVIEW NUMBER TWO                                     9

    THE TRIAL COURT ERRED BY DENYING A MOTION
    FOR MISTRIAL BASED ON REPEATED AND
    CUMULATIVE  IMPROPER COMMENTS BY THE
    PROSECUTOR TO THE JURY AND FINAL ARGUMENTS
    IN THE GUILT AND PUNISHMENT PHASES OF THE TRIAL

PRAYER                                                          12

CERTIFICATE OF SERVICE                                          13

CERTIFICATE OF COMPLIANCE                                       13

# INDEX OF AUTHORITIES

Cases                                                                    Page

*Alejandro v. State, 493 S.W.2d 230, 231-232 (Tex.Crim.App. 1973)*       *9*

*Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333,*                     *7*
    *102 L.Ed.2d 281 (1988)*

*Freeman v. State, 276 S.W 3d 630, at 634 (Tex.App.–Waco 2008),*         *7*
    *vacated 286 S.W.3d 370 (Tex.Crim.App. 2009)*

*Hernandez v. State, 931 S.W.2d 49, 50 (Tex.App.--Fort Worth,*          *9*
    *1996, no pet.)*

*Magana v. State, 177 S.W.3d 670 (Tex.App.–Houston*                      *9*
    *[1ˢᵗ Dist] no pet.)*

*McFarland v. State, 845 S.W.2d 824, 840 (Tex.Crim.App. 1992),*          *9*
    *cert.denied, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993)*

*Robinson v. State, 764 S.W.2d 367, 374*                                 *9*
    *(Tex.App.--Dallas 1989, pet. ref'd)*

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary in this case.

## STATEMENT OF THE CASE

This is an appeal from a felony conviction and sentence for the offense of Possession of a Controlled Substance. Appellant was charged by indictment in cause number CR17201 with the offense of Possession of a Controlled Substance, namely cocaine of four grams or more but less than two hundred grams. The jury found Appellant guilty. CR, Pages 28-30; RR-3, Pages 36-37.

Appellant elected for the jury to assess punishment. The jury sentenced Appellant to twenty years in the Institutional Division of the Texas Department of Criminal Justice, and no fine. CR, Pages 28-30; RR-3, Pages 69-71.

On direct appeal, the Court of Appeals for the Second Appellate District in Fort Worth affirmed Appellant's conviction. The opinion was not designated for publication.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

Appellant was sentenced on November 17, 2015. Notice of Appeal was timely filed. Appellant timely filed his brief in the Court of Appeals on December 3, 2014. The State timely filed its brief on March 4, 2015.

The case was submitted to the Court of Appeals, without oral argument, on August 24, 2015. The Court of Appeals affirmed Appellant's conviction on October 1, 2015. That opinion is not designated for publication.

This Petition for Discretionary Review is timely filed.

**GROUND FOR REVIEW NUMBER ONE**

**THE TRIAL COURT ABUSED ITS DISCRETION BY
REFUSING TO SUBMIT A JURY INSTRUCTION ON THE
ISSUE OF SPOILIATION CONCERNING THE
DESTRUCTION OF AN IN CAR POLICE VIDEO**

The right to a spoilation instruction depends on: (1) whether the evidence would have been subject to discovery or disclosure; (2) whether the State had a duty to preserve the evidence; and (3) if the State breached a duty to preserve, what consequences should flow from the breach. See *Freeman v. State, 276 S.W 3d 630, at 634 (Tex.App.–Waco 2008), vacated 286 S.W.3d 370 (Tex.Crim.App. 2009)*, for determination of whether the appellant had preserved his Texas due course of law complaint.[1]   In this case, Appellant urged his request pursuant to both the Texas and United State's constitutions.  RR-3, Page 11.   The failure to preserve evidence is not a due process violation unless the defendant can show bad faith.  See *Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).*

There is no question that the VCR video would be subject to disclosure and there was a duty to preserve the VCR video.   What is in question is what the consequences should be when the video has malfunctioned, and the police have

---

[1]On remand to the Waco Court of Appeals, that court held the complaint was not preserved and the judgment was affirmed, and a pro se Petition for Discretionary Review was denied.  Freeman v. State, No. 10-07-00363-CR, January 10, 2010, Pet. Ref'd., 2010.

taken no steps to have it repaired or otherwise available. To simply be allowed to say "we don't know what happened to it" is unacceptable, or it should be.

Appellant did not request that the instruction advise the jury that an adverse inference could be drawn, rather, only that the jury be told that the fact that the State lost or destroyed the evidence does not in itself require an acquittal, rather, it is a factor to consider. RR-3, Pages 6-8. The trial court, in denying Appellant's request, even noted that the evidence could be looked at in the light that the absence of the video could be suspect, but then, in his own factual determination, found such was not the case. RR-3, Page 8. This is exactly what Appellant was asking, that the jury be given the instruction that they, too, could determine if the lack of the video was in fact suspect.

The Court of Appeals held that Appellant did not show that the video was exculpatory and did not show that the State acted in bad faith. Opinion, pages 3-4.

Therein is the error, the trial court should have provided the instruction, and to not do so, violated both the state and federal constitutions, as specifically brought to the attention of the trial judge, and pursuant to *Freeman, supra.* RR-3, Page 11. The jury should have been given the opportunity to make its own factual determination concerning whether the police and/or stated acted in bad faith, and the failure of the trial court to make the requested instruction was improper.

GROUND FOR REVIEW NUMBER TWO

THE TRIAL COURT ERRED BY DENYING A MOTION
FOR MISTRIAL BASED ON REPEATED AND
CUMULATIVE IMPROPER COMMENTS BY THE
PROSECUTOR TO THE JURY AND FINAL ARGUMENTS
IN THE GUILT AND PUNISHMENT PHASES OF THE TRIAL

Proper jury argument is in one of four areas. They are summations of the

evidence, reasonable deductions from the evidence, a plea for law enforcement,

and a response to opposing counsel. *Alejandro v. State, 493 S.W.2d 230, 231-232*

*(Tex.Crim.App. 1973)*. The jury argument must be extreme or manifestly

improper, or inject new and harmful facts into evidence to constitute reversible

error. *McFarland v. State, 845 S.W.2d 824, 840 (Tex.Crim.App. 1992),*

*cert.denied, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993)*, *Hernandez v.*

*State, 931 S.W.2d 49, 50 (Tex.App.--Fort Worth, 1996, no pet.)*; *Robinson v.*

*State, 764 S.W.2d 367, 374 (Tex.App.--Dallas 1989, pet. ref'd)*. To determine

whether an argument falls within one of the four categories, the entire record is

considered. *Magana v. State 177 S.W.3d 670 (Tex.App.–Houston [1ˢᵗ Dist] no*

*pet.)*

The prosecutor's comments in the present case were not necessarily

individually improper. However, they were repetitive, continuous, and cumulative.

Most of the subjects of the prosecutor's final argument were objected to and the

objections were sustained. Although the trial court has broad discretion, Appellant submits that the discretion was abused, given the number and frequency of the improper arguments.

The prosecutor's initial rhetoric asked what appellant was involved in, followed by alleging that the facts showed Appellant as a distributor of drugs. This was clearly outside the record and the rhetorical question was directed at no one but Appellant. Trial counsel objected, noting the specific reasons of the objection. RR-3, Pages 30-31.

Ten lines later in the record, the prosecutor went right back to the questions directed to no one but Appellant, stating it was unreasonable to think that Appellant didn't know about them after having them in there two weeks. The trial court sustained the objection and instructed the jury to disregard the prosecutor's statements, but denied a mistrial. RR-3, Pages 31-32.

Twenty lines later, once again, the prosecutor specifically mentioned the Defendant's testimony, (which there was none), and then surmised what witnesses that could have been called by the Defendant to disprove that the State had presented. Further, mentioning that the other person in the car could have come to court and testified, and then commenting that the Defendant did not do so. This line drew a bad faith objection towards the prosecutor, and the trial court sustained

and denied a mistrial. RR-3, Pages 32-33.

The prosecutor continued at the punishment stage of the trial, initially making a comment that Appellant could have been charged and tried for a more serious charge, and therefore Appellant had already been given mercy. Appellant objected based on speculation and outside the record, which was sustained, and the trial court refused to instruct the jury. RR3, Pages 63-64. The very next sentence mentioned that Appellant wanted the jury to think that the other occupant of the car was the person responsible. The implication in the argument was that Appellant could have dispelled this implication. This objection for failure to testify was sustained and a request to disregard was denied. RR-3, Pages 64. Finally, in the next thought, the prosecutor gave an improper analysis of the parole law. This objection was sustained and the trial judge gave an instruction that probably would have cured this error, if it was the only one, however the arguments were numerous and improper. RR-3, Pages 63-66.

The Court of Appeals held that the arguments were not error individually, and therefore not improper. Opinion, at pages 4-8.

Appellant submits that the prosecutor's statements were not in response to Appellant's argument, were either outside the facts of the case, or commented on the failure of Appellant to present evidence or testify, both at the guilt and

punishment phases of the trial. Appellant respectfully disagrees with the Court of Appeals that otherwise improper error in a singular fashion cannot become cumulatively error. Appellant submits that the cumulativeness of the prosecutor's comments was improper.

Appellant received the maximum possible sentence in this case, twenty years. It was therefore harmful.

## PRAYER FOR RELIEF

Appellant Prays that this Honorable Court reverse his conviction and remand the case for a new trial.

RESPECTFULLY SUBMITTED,

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY
TEXAS BAR CARD NO. 16608700
ATTORNEY FOR APPELLANT

LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.
512 MAIN STREET, STE. 308
FORT WORTH, TEXAS 76102
(817) 698-9090
(817) 698-9092, FAX
bill@billraylawyer.com

## CERTIFICATE OF SERVICE

I certify that a true copy of Appellant's Petition for Discretionary Review was delivered via the electronic filing system to the office of Mr. Greg Lowery, Wise County District Attorney, Wise County Courthouse, Decatur, Texas 76234 on the date of this document's filing.

I certify that a true copy of Appellant's Petition for Discretionary Review was placed in the United States Mail addressed to Appellant, in the Texas Department of Corrections, on the date of this document's filing.

I certify that a true copy of Appellant's Petition for Discretionary Review was delivered via the electronic filing system to the State's Prosecuting Attorney, at P.O. Box 13046, on the date of this document's filing.

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 i3, of the Texas Rules of Appellate Procedure, I certify that this Petition for Discretionary Review filed in this case, has 2134 words contained therein. This count was obtained via the WordPerfect computer program.

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00277-CR

| | | |
|---|---|---|
| Alberto Jose Meza | § | From the 271st District Court |
| | § | of Wise County (CR17201) |
| v. | § | October 1, 2015 |
| | § | Opinion by Justice Meier |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS


By /s/ Bill Meier
Justice Bill Meier



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00277-CR

ALBERTO JOSE MEZA                        APPELLANT

V.

THE STATE OF TEXAS                           STATE

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY
### TRIAL COURT NO. CR17201

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Alberto Jose Meza appeals his conviction for possession of a controlled substance in the amount of more than four but less than 200 grams. In two points, Meza argues that the trial court erred by overruling his request for

---

[1]*See* Tex. R. App. P. 47.4.

a spoliation jury instruction and that the trial court erred by overruling his motions for mistrial. We will affirm.

## II. BACKGROUND

The facts of this case are not in dispute. Officer Brody Brown of the Boyd Police Department testified that on July 17, 2012, at roughly 2:30 a.m., he pulled Meza over for speeding. Upon approaching Meza's vehicle, Brown noticed the strong smell of marijuana emitting from the vehicle, and he saw an open liquor container. In the search of Meza's vehicle that followed, Brown found loose marijuana strewn about the vehicle's cabin, three boxes of plastic baggies in its backseat, and scales with white residue on them in the vehicle's console. After Brown and a fellow officer noticed that the dashboard of the vehicle appeared loose, they searched behind the dashboard and found twelve grams of cocaine and slightly less than one gram of methamphetamine.

Significant to Meza's points on appeal, the in-car video camera in Brown's patrol vehicle was an "old-fashioned VHS recorder in the trunk of his car." According to Brown, when he attempted to remove the tape at the end of his shift, it tangled in the machine. Brown said that he attempted to manually rewind the tape but that it was beyond repair. Brown noted the problem in his report and placed the tape in his sergeant's box. By Brown's account, he did not know what ultimately became of the tape.

A jury returned a verdict of guilty on the State's indictment that Meza possessed a controlled substance and sentenced him to twenty years'

2

incarceration. The trial court entered judgment accordingly, and this appeal followed.

### III. DISCUSSION

### A. No Spoliation Instruction Required

In his first point, Meza argues that the trial court erred by denying his request for a spoliation jury instruction regarding the missing in-car videotape. The State argues, among other things, that Meza has not shown that the State failed to produce the videotape from Brown's patrol vehicle in bad faith and thus the trial court did not abuse its discretion by denying Meza's requested instruction. We agree with the State.

In criminal cases involving the State's failure to preserve evidence, the defendant is required to show some bad faith on the part of the State for potentially useful evidence or some indication that the evidence would have been exculpatory in order to be entitled to a spoliation-type jury instruction. *See Snell v. State*, 324 S.W.3d 682, 684 (Tex. App.—Fort Worth 2010, no pet.); *White v. State*, 125 S.W.3d 41, 43–44 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd); *Gutierrez v. State*, No. 11–10–00276–CR, 2011 WL 4135743, at *1 (Tex. App.—Eastland Sept. 15, 2011, no pet.) (mem. op., not designated for publication) (holding that where the defendant could show only that the lost evidence might have been exculpatory and could not show bad faith on the part of the State, the trial court did not err by refusing the spoliation instruction).

Here, Meza has alleged, but not shown, that the videotape of his arrest from the vantage of Brown's patrol vehicle might have been exculpatory. But he has not alleged, or shown, that the State acted in bad faith by being unable to produce the videotape. Indeed, the only evidence of what became of the videotape came from Brown's testimony that the tape was an older-style VCR tape whose internal tape snagged on the equipment when he took the tape out of the recorder and that he did not know what became of the tape after he had attempted to repair it. In short, Meza has not shown that the State acted in bad faith regarding the videotape. *See Chavis v. State*, No. 13-10-00547-CR, 2012 WL 592998, at *4–5 (Tex. App.—Corpus Christi Feb. 23, 2012, no pet.) (mem. op., not designated for publication) (holding that trial court did not err by denying requested spoliation instruction because appellant had not shown bad faith on the part of State regarding unproduced in-car video). Thus, the trial court did not err by denying Meza's requested spoliation jury instruction. We overrule Meza's first point.

## B.    Denial of Meza's Motions for Mistrial

In his second point, Meza argues that the trial court abused its discretion by denying his motions for mistrial. Specifically, Meza argues that "[t]he prosecutor continually interjected matters outside the record and commented on the failure of [Meza] to call a witness or testify." After we briefly set out the law and standard of review, we will discuss these "matters" in turn.

4

**1. Standard of Review on Motion for Mistrial**

We review a trial court's denial of a motion for mistrial under an abuse of discretion standard and "must uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). A mistrial is appropriate only for a narrow class of highly prejudicial and incurable errors and may be used to end trial proceedings when the error is "so prejudicial that expenditure of further time and expense would be wasteful and futile." *Id.* (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070 (2000)).

**2. The "Errors"**

The first statement Meza complains about is that during closing arguments, at the guilt-innocence phase of trial, and after having just explained that police found "baggies both for the cocaine and . . . separate baggies for marijuana" in Meza's vehicle, the prosecutor asked the rhetorical question to the jury, "What is this guy involved in?" To which Meza objected at trial on the grounds that the prosecutor was commenting on Meza's failure to testify. The trial court overruled the objection. Now on appeal, Meza argues that this comment was "clearly outside the record and the rhetorical question was directed at no one but" him. To the extent that Meza is now arguing that the prosecutor's

5

statement was "clearly outside the record," we need not address this argument because Meza's objection at trial does not comport with the argument he now raises on appeal; he has forfeited our review of this objection.  *See* Tex. R. App. P. 33.1(a); *Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 827 (1997).  And to the extent that Meza's argument is to be somehow construed as raising an issue pertaining to the prosecutor having commented on his failure to testify, we decline to address the issue because Meza has not cited any authority nor has he provided any analysis as to how the prosecutor's comment involved an improper question "directed at no one but" him.   *See* Tex. R. App. P. 38.1(i); *Hankins v. State*, 132 S.W.3d 380, 385 (Tex. Crim. App. 2004) ("Because appellant does not provide any argument or authority in support of this contention, it is inadequately briefed.").

Meza next complains about two instances in which the trial court sustained Meza's objections during the State's closing arguments at guilt-innocence, instructed the jury to disregard the statements, but denied Meza's motions for mistrial.  Meza, however, points to no evidence that the jury failed to follow the trial court's instructions to disregard the prosecutor's statements, even assuming they were improper.   Thus, we presume the jury followed the trial court's instructions and that the trial court did not abuse its discretion by denying Meza's motions for mistrial.  *See Orr v. State*, 306 S.W.3d 380, 405 (Tex. App.—Fort Worth 2010, no pet.) ("In the absence of evidence that it did not, we presume the jury followed the trial court's instruction to disregard the improper question.").

6

The next statements Meza complains about occurred at the punishment phase of trial wherein the trial court sustained Meza's objections that the prosecutor had speculated outside of the record. Much like the complained-of statements above, Meza has not cited any authority nor has he provided any analysis as to how the prosecutor's comments were speculative, outside the record, or otherwise improper. *See* Tex. R. App. P. 38.1(i); *Hankins*, 132 S.W.3d at 385 ("Because appellant does not provide any argument or authority in support of this contention, it is inadequately briefed.").

Finally, Meza argues that the prosecutor "gave an improper analysis of the parole law" during closing arguments at punishment. But like the other objections that Meza preserved, the trial court instructed the jury to disregard the prosecutor's statement, we presume that the jury followed the instruction, and Meza has pointed to no evidence that it did not. *See Orr*, 306 S.W.3d at 405.

### C.    No Cumulation

Meza's overall second point on appeal is that the cumulative effect of these complained-of statements entitle him to a new trial. Meza concedes that the "prosecutor's comments in the present case were not necessarily individually improper." We conclude that there is no cumulative error.

Cumulative error concerns performance of a harm analysis only when multiple errors have been established. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999), *cert. denied*, 528 U.S. 1082 (2000). But having already determined that Meza either forfeited review, failed to establish error, or

7

failed to show that the trial court did not cure any perceived error, there can be no cumulative error or harm. *See Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000) (rejecting appellant's argument that cumulative effect of errors at trial denied him the right to a fair trial where the court had previously rejected each of appellant's individual arguments). We overrule Meza's second point.

## IV. CONCLUSION

Having overruled both of Meza's points on appeal, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 1, 2015